Tompkins, J.,
delivered the opinion of the Court.
The information upon which the proceedings in this case are founded, sets out that on the first Monday in April last, Samuel Merry, the defendant in this case, was elected Mayor of the city of St. Louis: and that said Samuel Merry before and at the time of said election held an office of profit under the United States, and was commissioned by the President of the United States ; and that after such election the defendant claimed to exercise and did exercise the powers and duties of Mayor of said city of St. Louis. The plea of the defendant admits the facts charged. The counsel for the defendant contend,
First. That this Court have no jurisdiction of the cause.
Second. But if this Court have jurisdiction of the cause, they then contend that Merry is rightfully elected.
First. This Court conceives that jurisdiction of this cause is given to it by the 3d section of the 5th article of the Constitution of this State, which gives a general superintending control over all inferior Courts of law, and the power to issue writs of habeas corpus, mandamus, quo warranto, and other original remedial writs, and to hear and determine the same.
The Legislature has not prescribed any mode of proceeding in a cause like the present; but in the absence of such regulations this Court will proceed to discharge its duties by a course conformable to the common law usage.
Second. To maintain this point, viz : that the defendant is eligible notwithstanding he holds an office of profit under the United States, his counsel rely on the first section of ciAn Act supplementary to an act entitled an act to incorporate the inhabitants of the town of St. Louis,” viz: “ that the Mayor of the city shall be at least thiity years of age, a citizen of the United States, shall have resided within the city for at least two years preceding his election and be otherwise qualified as in the case of Aldermen.” And they contend that the 9th section of the act to which this act is a supplement, is repealed. The 9th section of the act above alluded to is in the words following, to-wit: “ that file Mayor shall be at least thirty years old, a citizen of the United States, shall have resided within the city for at least two years next preceding his election, and be otherwise qualified as in the case of Aldermen: and provided that no person shall he eligible to the office of Mayor who may at the *199 time of his election, hold any office of honor, trust or profit under this State, or the United States. The first section of the supplementary act enumerates all the qualifications required to make one eligible to the office of Mayor, that are found in the ninth section of the first act, except that contained in the proviso, viz : that no person shall be eligible to the office of Mayor who at the time of his election may hold any office of honor, trust or profit under this State or the United States. It may here be observed too, that the omission of the word “next” in' the first section of the amendatory act seems to make a difference as to the timo of residence, viz : that such residence need not now necessarily be next preceding the election. On the part of the defendant it is contended that,
Eirst. The proviso of the 9th section of the original act is repugnant f o the provisions of the first section of the amendatory act.
Second. That the Legislature having in the amendatory act taken up the subject of the qualifications required to make one eligible to the office of Mayor, may be supposed to have dispensed with all other than the qualifications enumerated in the said first section of the amendatory act, which is the last expression of the legislative will.
To the first it may be answered that the proviso to the 9th section of the first act is no more repugnant to the provisions of the first section of the amendatory act than it was to the ninth section, before a part thereof was impliedly repealed by the enactment of the first section of the amending act, for they are both substantially the same.
Second. This point might perhaps have been more successfully urged had it not been expressly provided in the tenth section of the amendatory act, “ that all such parts of the act to which this is a supplement as are contrary to or inconsistent with the provisions of this act, be and the same .are hereby repealed.”
It seems clear from this expression of the legislative will, that such parts of the act to which this is a supplement, as are not contrary to or inconsistent with the provisions of this act, shall be still in full force and effect. In the case of Goodenow v. Buttriek, the Court held that though the Legislature, when revising laws, had a particular statute before it, yet if a particular section of such statute did not appear to have been the object of revision, such section could not he considered as repealed : thus intimating that had that section been the object of revision, it would have been considered by the Court as repealed. See 7 Massachusetts Rep. 143, Goodenow v. But-trick. However williug we might be to yield to the authority of that case, we feel constrained by the strong and plain intimation of the will of our Legislature as expressed in the tenth section of the act last above mentioned, to construe our statute otherwise. As above mentioned, the proviso to the 9th section of the first act is not contrary to or inconsistent with the provisions of the act supplementary to the act to incorporate the inhabitants of the town of St. Louis, but as much in aid of such section as it was in aid of the said ninth section of the original act; and not being contrary to or inconsistent with those provisions, we are constrained to think that it is' still in full force and unrepealed. The case of Caruthers cited by the defendant from 9 East, seems rather to make against him.
The statute 13 Geo. II, ch. 28, sec. 5, enacts that no harpooner, line manager, boat steerer or seaman who shall be in or belong to any vessel in the Greenland trade shall be impressed from the said service; and that any such harpooner, &c., or seaman may, when not employed in said trade, sail in the colliery trade, upon giving *200 security to the satisfaction of the commissioners that he will proceed in the said vessel to Greenland, &c.
The statute 26 Geo. III, ch. 41, sec. 17, enacts that no harpooner, line manager or boat steerer who shall be in or belonging to any vessel in the Greenland trade, and whose name shall be inserted in a list to he delivered by the owner of such vessel to the collector of the customs, shall be impressed from such service, &c., and that every seaman and common mariner who after the first day of February in any year shall be entered to serve on board of any ship which shall be intended to proceed on the said trade in the following season, and whose name shall be inserted in a list to be delivered as aforesaid, and who shall give security to the satisfaction of the commissioners of the customs to proceed and shall proceed accordingly, shall be privileged, &c., from impressment. It was decided by the Court that the second statute repealed the first and for good reason. The first statute exempted harpooners, line managers, boat steerers or seamen belonging to any vessel in the Greenland fishery trade from impressment. The second statute equally exempted them, but it required that the three first, viz : harpooners, line managers and boat steerers, should insert their names in a list to be delivered by the owner to the commissioners of the customs, in order to entitle them to this exemption, to which by the former act they were entitled from the mere circumstance of belonging to a vessel employed in tire Greenland fishery trade. But the seamen were not in the mean time forgotten in the repealing act, although their names were not mentioned in conjunction with the harpooners, line managers and boat steerers. In a subsequent part of the same section they, the seamen employed in such trade, were required not only to insert (as the others were re-qnired to do) their names in a list to bo delivered by the owner of the vessel to the commissioners of the customs, but they were further required to give security to the satisfaction of the said commissioners to proceed in such trade, and it was for failing to insert his name in the list that Caruthers lost his cause. The last of these acts as certainly repeals the first as two is more than one, as that the less number is contained in the greater.
It being the opinion of this Court that the proviso to the ninth section of the act to incorporate the inhabitants of the town of St. Louis is not repealed by the first section of the act supplementary to that act, it becomes unnecessary to decide another point made in argument by the defendant’s counsel, though not appearing in the brief and written argument, viz : that the office of Mayor is not an office under the State. It being our opinion that the third section of the fifth article of the Constitution of this State gives to this Court jurisdiction in causeslike the present; and it also being our opinion that the proviso of the 9th section of the act to incorporate the inhabitants of the town of St. Louis (which proviso declares that no person shall be eligible to the office of Mayor who may at the time of his election hold any office of honor, trust or profit under this State or the United States) is not repealed by the act supplementary to the aforesaid act: and the defendant having by his plea admitted that at the time of his election as Mayor of the city of St. Louis he did hold an office of profit under the United States, we are led to the conclusion that the defendant was at the time of his election ineligible to that office, and that said election is void in law; and that judgment of ouster from said office be accordingly entered against him.
M’Girk and Wash, Judges.
The case cited by counsel for the State from 1 Barnwall and Adolphus referred to in 20 Com. Law Rep. p. 352, seems to be in point. That was a case where, by seve *201 ral charters, the Sheriffs of Norwich were to be chosen by the citizens and commonalty from among themselves. A subsequent charter confirming former privileges and regulating the time and mode of electing Sheriffs, omitted the words from among themselves. The usage before this confirmatory charter was made, had been to elect the Sheriff from among themselves. Held that the last charter was not meant to vary the qualifications, that the restrictions in the former charter could not be dispensed with. The case also of the King v. Abell, 6 Petersdorff is in point, p. 431.