STATE OF MISSOURI *ex rel.* CHARLES HEQUEMBOURG, Petitioner,
*v.* SAMUEL LAWRENCE, Respondent.

1. *Quo warranto — Practice.* — State ex rel. McElhany v. Stewart, 32 Mo. 379, affirmed. Otherwise than upon an agreed case upon the facts, the Supreme Court will exercise its discretion and refuse leave to file an information in the nature of a *quo warranto.*

2. *Quo warranto—Information.*—An information of *quo warranto* was originally a proceeding of a criminal nature prosecuted by the Attorney General, *ex officio,* in behalf of the State, to inquire into and punish the party usurping an office to which he had no legal title. An information in the nature of a *quo warranto* is essentially a civil proceeding to decide, as between two parties, which has the better right to an office, and can be filed in the Supreme Court only after leave granted.

*Petition for Quo warranto.*

And now comes Joseph P. Vastine, prosecuting attorney for the 8th Judicial Circuit of the State of Missouri, comprising the county of St. Louis, and at the relation of Charles Hequembourg, exhibits to this honorable court an informa-

tion in the nature of a *quo warranto*, and states that Samuel C. Lawrence, the defendant, has usurped, intruded into, and unlawfully holds and executes the office of justice of the peace for the sixth ward of the city of St. Louis, in the county of St. Louis, and that said defendant has no right or authority to hold said office.

Plaintiff further states that the County Court of St. Louis county, heretofore, to-wit, on or about the 26th day of May, A. D. 1866, subdivided the county of St. Louis into forty election districts for the general election to be held November 6, 1866 ; and that the sixth ward of the city of St. Louis, in which the said Samuel C. Lawrence has usurped the office of justice of the peace as aforesaid, is included in the 23d, 24th, 25th and 26th election districts ; and that said election districts comprise also portions of the 5th, 6th, 7th and 8th wards of the city of St. Louis ; and that the general election for the year 1866 for said 23d election district was held at the house numbered 560 Market street, between Twentieth and Twenty-first streets, in the 5th ward of the city of St. Louis, and that registered voters residing in the 5th and 6th wards of the city of St. Louis voted thereat ; and that the general election for the 24th election district was held at the court-house in the 5th ward of the city of St. Louis, and that registered voters residing in the 5th and 6th wards of the said city of St. Louis voted thereat ; and that the general election for the 25th election district was held at the house of one Guerdman, in the 7th ward of the city of St. Louis, and that registered voters residing in the 6th, 7th and 8th wards of the city of St. Louis voted thereat ; and that the general election for the 26th election district was held at the office of one Walther, in the 7th ward of the city of St. Louis, and that registered voters residing in the 6th, 7th and 8th wards of the said city of St. Louis voted thereat ; and that no election was appointed or held in the 6th ward of the said city.

That all voters duly registered in the 23d election district were permitted and entitled to vote in said district at said general election without regard to the ward in which they

lived, and that all voters duly registered in the 24th election district were permitted to vote at said general election in that district without regard to the ward in which they lived, and that all voters duly registered in the 25th and 26th election districts were permitted and entitled to vote at said general election in their respective districts in which they were duly registered without regard to the ward in which they lived; and that no election was ordered or held in the 6th ward.

Plaintiff further states, that the judges of the election for the 23d, 24th, 25th and 26th election districts certified to the County Court the number of votes cast for the various candidates for the office of justice of the peace for said 6th ward without regard to the residence of the voters, and that such certificates did not and could not show how many of said voters voting at said districts were resident of and entitled to vote for justice of the peace of the 6th ward, and that no election held in the 5th or 7th ward could be valid or effective to elect a justice of the peace for the 6th ward.

Plaintiff further states that there was no order of the St. Louis County Court, or any other authority, ordering an election for justice of the peace within said county, and no place designated for holding said election, and that there was no legal and valid election held for electing justices of the peace; but that the County Court of St. Louis, notwithstanding no legally authorized election for justice of the peace was held in said county, unlawfully certified to said Samuel C. Lawrence that he was elected as justice of the peace of said sixth ward of the city of St. Louis, and, acting under the pretended authority of said certificate, said Lawrence has usurped said office.

Plaintiff therefore prays for a judgment of ouster against said Samuel C. Lawrence, and for such other and further judgments and orders as to this court shall seem proper to prevent said defendant from usurping, intruding into, or unlawfully holding or executing said office.

*Knox & Smith*, for petitioner.

HOLMES, Judge, delivered the opinion of the court.

This petition seems to have been filed in this court under a misapprehension of the nature of the proceeding and of the practice of the court in cases of *quo warranto*. It appears to have been filed, and a writ of *quo warranto* was sued out, as upon an *ex officio* information. An *ex officio* information in the nature of *quo warranto* may be filed in this court by the Attorney General, or by the circuit attorney of the county, as representing the State in cases arising within the county (in place of Attorney General) on behalf of State, as a matter of course, and without leave of the court specially granted for that purpose. It is a proceeding of a criminal nature on the part of the State as for a misdemeanor in the usurpation of a public office—R. C. ch. 18, § 10; 3 Black. Com. 262; 4 Black. Com. 312; Archb. Cr. Pl. 66; 6 Com. Dig. tit. *quo warranto*, A. C. 3. The case of the State v. Bernoudy, 36 Mo. 279, was an *ex officio* information on behalf of the State, and not an information at the relation of a private person for the purpose of trying a matter of private right between two individuals. When the State, by her proper officers, sees fit to complain of this defendant for the usurpation of a public office, it will then be time to consider that case.

This is not such an information. It is an information in the nature of *quo warranto* in the name of the circuit attorney (as is usual and proper), at the relation of a private individual, and seeks the determination of a matter of private right between two private persons. Such an information can be filed in this court only on leave specially granted for that purpose. This was originally a criminal proceeding, and where the information is filed by the Attorney General or by the circuit attorney, *ex officio*, and in behalf of the State, it is still to be considered as a proceeding of a criminal nature; but where it is filed at the relation of a private individual to try a matter of private right between two persons claiming the same office, it is essentially a civil proceeding, though prosecuted in the name of the circuit at-

State ex rel. Hequembourg v. Lawrence.

torney, and, in some measure, under the forms of criminal procedure. The subject was examined in the case of the State ex. rel. McIlhany v. Stewart, 32 Mo. 382, and it was there decided that the granting of leave to file an information of this kind, in this court, was a matter of discretion, and would not ordinarily be granted.

The constitutional jurisdiction of the Supreme Court in these cases is not doubted. In the absence of any statute provision on the subject, this jurisdiction will be exercised, when a proper case makes it necessary, according to the course of the common law—State v. Merry, 3 Mo. 278. In that case all the facts were admitted by the plea. Cases have been allowed to be submitted, it seems, on an agreed state of facts. But the practical inconvenience of calling a jury to our bar, in the absence of any statute specially applicable to such a proceeding, to say nothing of the press of regular business in this court, may be deemed a sufficient reason for denying the leave. The statute has given jurisdiction to the Circuit Court, where the parties may find an ample remedy, and where the issues of fact may be conveniently tried by jury—R. C. 1865, ch. 157. This statute has no application to this court. An information at the relation of a private person, being essentially a civil proceeding to ascertain and settle a mater of private right between two individuals, belongs more properly to the appellate jurisdiction of the Supreme Court—State ex. rel. McIlhany v. Stewart, 32 Mo. 382. Otherwise than upon an agreed case on the facts, it may be taken as settled by that case that leave will not be granted here to file an information of this nature, except, perhaps, in a very extraordinary case.

The petition does not profess to state the particular interest of the relator in this matter, nor does it contain a sufficient statement of the matter of private right in controversy between the relator and the defendant to show a cause of action, and to enable the court to take jurisdiction of the subject in his behalf. When these facts are stated, issues of

fact may arise requiring a trial by jury.   We think the pe-
tition should have been filed in the Circuit Court.

The demurrer will be sustained.

The other judges concur.