THE STATE OF MISSOURI *ex rel.* SAMUEL YOUNG, Petitioner, *v.* WILLIAM BUSKIRK, Respondent.

43 111
71a 28
43 111
90a 155

1. *Quo Warranto — Writ of, when issued.* — In a mere contest between private persons in reference to an office, the remedy pointed out by the statute (Gen. Stat. 1865, chap. 157), authorizing proceedings of this character in the Circuit Court, ought to be followed out in all cases, unless it should appear to this court that there were special reasons why its constitutional jurisdiction should be exercised.

Application for leave to file an information in the nature of a *quo warranto*.

The State of Missouri ex rel. Young v. Buskirk.

*Wingate* (attorney-general), *Dixon*, and *Dryden & Lindley*, for relator.

*G. B. Matlock*, and *Jas. G. Blair*, for respondent.

FAGG, Judge, delivered the opinion of the court.

The petition of the relator being filed, and the respondent having appeared in obedience to process from this court and made answer to the same, we are asked to consider the case upon a demurrer to the sufficiency of the facts set up in the answer. But it is manifest that another question arises upon the face of the papers that must be first considered and disposed of. The petition proceeds in the name of the State, by Robert F. Wingate, attorney-general, and upon the relation of Samuel M. Young. It is not an *ex-officio* information on the part of the attorney-general, which, in all cases authorized by law, he may file and prosecute without first obtaining leave of the court for that purpose. It is to be treated rather as an application on the part of a private person for leave to file an information in the nature of a *quo warranto*.

The information proposed to be filed proceeds to state, with great minuteness, the grounds upon which the relator claims to be lawfully entitled to hold and exercise the duties of the office of sheriff of Clark county. It concludes with an averment that the respondent, William Buskirk, has intruded into and usurped the said office, and asks that he be required to appear and show by what authority he holds the same, and, further, why judgment of ouster should not be had against him, and the relator placed in possession. It is obvious from the facts stated in the application that this is a mere contest between private persons in reference to the office in question.

It is not claimed that there are any special reasons why the constitutional jurisdiction of this court in such cases should be exercised in the present instance. The remedy pointed out by the statute authorizing proceedings of this character in the Circuit Court ought to be followed in all cases, unless it should appear to

the satisfaction of this court that .there was a necessity for the interposition of its authority.

This is evidently the purport of the former decisions of this court upon the same point. (State *ex rel*. McIlhaney v. Stewart, 32 Mo. 379 ; State *ex rel*. Hequembourg v. Lawrence, 38 Mo. 535.) Chapter 157, Gen. Stat. 1865, points out the manner of proceeding in the Circuit Court, and gives the relator a remedy, where the facts can be ascertained with more convenience than upon a trial in this court ; and we can see no good reason upon the face of the application why he should not be required to follow its provisions.

Application refused.    The other judges concur.