JAMES HUNTER, Appellant, v. JEFF. CHANDLER, Respondent.

1. *Quo warranto — Proceedings in, by attorney-general, do not settle title of claimant to office.* — In case of information by the attorney-general in behalf of the State, against one holding an office, the private rights of a third party claiming it are not determined. When a private person wishes to have his right to an office adjudicated, the information should be prosecuted at his relation and proceeded upon as in *quo warranto.* (Wagn. Stat. 1133, § 2.)

2. *Quo warranto should not be brought before Supreme Court, except, etc.*— Except in peculiar cases, the Supreme Court will refuse to allow an information to be filed before it to inquire into the title of a private person to an office. Parties should, in general, resort in such cases to the Circuit Court.

3. *Quo warranto commenced prior to resignation, prosecuted afterward—Suit for fees after expiration of term, etc.*—The resignation of an officer or expiration of his term will not prevent an information to test his title; if commenced prior thereto, from being afterward prosecuted to final judgment; and *semble,* that suit for money had and received during his term will lie against him, although commenced after resignation or expiration of term; provided, that plaintiff had been once in possession, and had been unlawfully ousted. But when the title is in doubt, proceedings in *quo warranto* must be first had to settle that issue.

### *Appeal from Fifth District Court.*

*Bassett, Hunter & Gilbert,* for appellant.

I. The plaintiff being entitled to the office, and the defendant, a stranger, taking its fees by usurpation, plaintiff is entitled to recover damages in an action at law. (Powell v. Millbank, 1 T. R. 399; Boyten v. Dodsworth, 6 T. R. 681; Allen v. McKean, 1 Sumn. 317; Glasscock v. Lyon, 20 Ind. 1; 3 Blackst. 102, ¶ 5; 1 Chit. Pl. 100; Chit. on Cont. 640; Oliver's Precedents, 105.)

II. If the defendant, by his resignation, could prevent a judgment of ouster, and if the consequence of that prevention is a defeat of this action, the rights of the plaintiff might be defeated at the will of the wrong-doer. (Boyten v. Dodsworth, *supra;* Allen v. McKean, *supra;* Powell v. Millbank, *supra;* 1 Tanner, 113; Howard v. Wood, 2 Lewis, 245; 20 Ind. 1; 1 S. N. P. 81; 23 U. S. Dig. 429; 1 Chit. Pl. 112.)

*Hall & Vories,* for respondent.

I. Plaintiff's right can not be established except by direct proceeding in the nature of a *quo warranto.* (21 Pick. 148–155; 6 Cow. 23; 17 Iowa, 525; 17 Conn. 585; 9 Johns. 147; 42 Mo. 180; 38 Mo. 544; 35 Mo. 146; 36 Mo. 71; 34 Mo. 395.)

II. A writ of *quo warranto,* brought within the time of an office, may be tried after the term has expired. (24 U. S. Dig.

545, §§ 6, 9 ; 8 Wend. 396 ; 12 Mich. 508 ; 45 Penn. St. 59.)

III. An information in the nature of a *quo warranto* will not lie, except brought by the government. (4 Curtis, 632 ; Wallace v. Anderson, 5 Wheat. 291.)

WAGNER, Judge, delivered the opinion of the court.

As this case was determined in the case below on demurrer, it will be necessary to look into the petition to see whether it sets out a cause of action. The plaintiff states in his petition that during the most of the year 1865, and also in the year 1866, up to the first of April, he was city attorney for the city of St. Joseph, duly elected and qualified, so as to be entitled to the accustomed fees and emoluments of the office for the whole time mentioned ; that about the first day of April, 1866, the defendant, without plaintiff's leave or authority, usurped and intruded himself into said office, and from the time last mentioned until about the last of March, 1867, defendant continued to usurp and intrude himself into said office, during all of which time he continued to receive the accustomed fees and emoluments thereof, to and for the use of the plaintiff ; that plaintiff was the only lawful city attorney during the time last before mentioned, and the only person entitled to discharge the duties and receive the emoluments of the office.

It is further averred that at the March term, 1867, of this court, the attorney-general of the State exhibited an information in the nature of a *quo warranto*, in the name of the State and upon his own relation, charging the defendant with usurping and intruding into the said office, and asking that he be ousted therefrom ; that thereupon the defendant, in order to avoid a judgment of ouster, did immediately vacate the office and resign all right to the same ; and that when the case came on to be heard, defendant disclaimed that he was holding said office, or was in possession thereof, and presented his resignation, duly approved by the mayor of St. Joseph ; and that in consequence of said resignation, the attorney-general took no further steps with the case.

The petition then alleges that the defendant, whilst so exercising the duties of the office, received fees and emoluments accruing therefrom to the amount of $3,000, and judgment is

asked for that sum. This petition was demurred to, and demurrer sustained. Whether the defendant resigned and vacated the office to avoid a judgment of ouster, at the instance of the State, is not material as regards the rights of the plaintiff. The information was by the attorney-general, on behalf of the State, to protect the public against usurpation and intrusion; and in such a proceeding the private rights of a third party claiming the office are not determined or passed upon. The State, acting through its law officer, does not establish the rights of private persons to an office; it only maintains its own dignity and protects the public interests by ousting those who usurp or intrude into office and unlawfully exercise its franchises. Where a private person wishes to have his right to an office adjudicated, the statute points out the course to pursue. It provides that the information shall be prosecuted at his relation, and shall be proceeded upon in such manner as is usual in cases of a *quo warranto*. (2 Wagn. Stat. 1133, § 2.) As the proceedings generally raise questions of fact, and the parties have an ample remedy in the Circuit Court, and this court being chiefly an appellate tribunal, it will refuse, except under peculiar circumstances, to allow an information to be filed to inquire into the title of a private person to an office. (State v. McIlhanay, 32 Mo. 379; State v. Lawrence, 38 Mo. 535; State v. Buskirk, 43 Mo. 111.) Had the attorney-general proceeded with the information filed by him to a final determination, the judgment would have fixed the rights of the defendant to the office, but not those of the plaintiff. The plaintiff was no party to the record, the information was not at his relation, and his title could not have been passed upon.

But the resignation of the incumbent, or even the termination of the office, would not prevent the information from being prosecuted to a final judgment if the proceedings were commenced prior to the resignation or the expiration of the term. (Commonwealth v. Smith, 45 Penn. St. 59; People v. Hartwell, 12 Mich. 508.) The law will not permit the ends of justice to be defeated at the mere volition of a party who seeks to elude its judgments by changing his condition for his advantage. I think, therefore,

that an information in the nature of a *quo warranto*, to try the right to a public office, may be tried after the term has expired, or the officer holding has resigned, if the information was filed or proceedings begun before the resignation took place or the term had expired. The question has been mooted whether an action of this character was maintainable. About this I have no doubt. The authorities abundantly establish the principle that an action for money had and received will lie in favor of a person really entitled to an office, against one who has usurped and intruded into the same, for the recovery of the known and fixed fees that such intruder may have received. (Glasscock v. Lyon, 20 Ind. 1; Powell v. Millbank, 1 T. R. 399, note; Boyten v. Dodsworth, 6 T. R. 481; Lightly v. Clouston, 1 Taunt. 113; Sadler v. Evans, 4 Burr. 1984; Allen v. KcKean, 1 Sumn. 317; 1 Selw. N. P. 81; 1 Chit. Pl. 112.)

The doctrine which underlies these cases, and upon which the rule rests, is that if one man receive money which ought to be paid to another or belongs to him, the action for money had and received will lie in favor of the party to whom of right the money belongs. In Allen v. McKean, *supra*, Judge Story held that there was no difficulty in maintaining the suit simply because it involved a trial of the title to the office, if the party had once been in possession. In that case, Allen, the plaintiff, was, and for some time previous to the commencement of the suit had been, president of the Bowdoin College, and he had been illegally superseded as such president. He prosecuted the action to recover certain fees due him as such officer, and the judgment of the court was that he was entitled to recover. But there he was the incumbent, and had been unlawfully ousted. In the present case it is not shown that the plaintiff was in actual possession at the time the usurpation and intrusion complained of took place. There is no direct or express allegation that the plaintiff was inducted into the office at the time. But there is an averment that the defendant was in under a commission; for it is stated that he resigned the same with the approval of the mayor. This shows that a contest or some kind of litigation was necessary to determine to whom the office really belonged.

It has often been decided by this court that the officer derives his right to the office from his election or appointment, and that the commission is simply evidence of his title. Where he has been fairly and legally elected, his right at once becomes absolute ; and if another person, by unjust, false, or fraudulent means, gets possession of the office, exercises its duties and enjoy its franchises, he will be responsible to the rightful occupant for all the accustomed fees and emoluments when the right is finally established. This brings us to the next question, namely : whether the title to the office can be determined in an action of this kind, where the party claiming sues for the fees, or whether he must first establish his right by some appropriate legal proceeding. Where the party had once been in possession, and he was unlawfully ousted by an intruder, there might be no difficulty in applying the rule laid down by Justice Story in Allen v. McKean. But where such was not the fact, and the title was in doubt, such a principle would be productive of the greatest confusion, and would lead to endless and unnecessary litigation.

I am aware that there are very respectable authorities holding that the title to an office may be determined in a suit for fees. The old English cases strongly sustain this view ; but I think that the better doctrine and reason is to the contrary. In the case of The State to use of Bradshaw v. Sherwood *et al.*, 42 Mo. 179, we decided that an action would not lie to recover damages for being deprived of an office where the plaintiff did not claim the office and another person was in possession ; that it was necessary for the plaintiff first to establish his right in a proceeding for that purpose in order to show that he was damnified. With that decision we are satisfied, and see no good reason for departing from it. The right or title to an office ought not to be determined in a civil action of this kind. A party should not be permitted to sleep on his rights, and let another person perform services, and then claim the compensation which was the result of the labor performed. When the defendant obtained possession of the office, the plaintiff should have either proceeded to contest his right, or resorted to his *quo warranto;* and upon judgment rendered in his favor, he then might have maintained

his action for the recovery of the fees and emoluments of which he had been unjustly deprived. But as no steps were taken to establish his title — and it has not been even yet established — I think the judgment of the lower court was right and should be affirmed.

Judgment affirmed. · The other judges concur.