THE STATE OF MISSOURI *ex rel.* KEMPF, Respondent, *v.* WILLIAM BOAL, Appellant.

1. *Quo warranto — Information — Sufficiency of interest of relator.* — The enactment that informations in the nature of a *quo warranto* may be exhibited at the relation of any person desiring to present the same (Wagn. Stat. 1133, § 1) means any person having an interest in the subject of the prosecution. (State *ex rel.* Hequembourg v. Lawrence, 38 Mo. 535, cited and affirmed.)

2. *Quo warranto — Information — Interest of relator.* — An information in the nature of a *quo warranto*, to decide as between two parties which has the better right to a certain office, must show affirmatively that the relator has a title to the office, if the defendant's title be defeated, and therefore must show that the relator possessed all the requisite qualifications for the office.

3. *Elections — Votes for candidates who have not filed the candidates' oath.* — Votes cast for a candidate who has neglected to take and file the oath of loyalty prescribed by the constitution, are nugatory. The constitution distinctly prohibits their being cast up or treated as votes all.

### *Appeal from Sixth District Court.*

*Orrick & Emmons,* and *King,* for appellant.

I. This information, although exhibited by the circuit attorney, is not in the nature of a criminal proceeding, but is brought at the relation of a private person for the purpose of determining a matter of private right between two persons claiming the same office, and is therefore essentially a civil proceeding. (State *ex rel.* Hequembourg v. Lawrence, 38 Mo. 535.) And being a civil proceeding, it is not sufficient for the relator to aver that the defendant in the information might by some possibility not be entitled to hold the office in question, but he must also aver that the relator possesses all the qualifications required by law, and that he was duly elected to the office. Eligibility and election are necessary to establish title to the office. In the present case the relator has made no averment of eligibility to the office in question. He simply avers that he possessed one of the requisites; that is, that he had taken the oath of loyalty. "Relators, on application for a *quo warranto* against intruders into office claimed by relators, must show title in themselves." (Miller v. English, 1 N. J. 317.)

II. The enactment that writs of *quo warranto* may be issued on the suggestion of any person desiring to prosecute the same, means any person having an interest to be affected. (Commonwealth *ex rel.* McLaughlin v. Cluley, 56 Penn. St. 270.) The proceeding by information in the nature of a *quo warranto*, at the relation of a private person claiming an office, contemplates a judgment in favor of the relator as well as against the defendant, where title is shown in the relator. (State *ex rel.* McCune v.

Ralls County Court, 45 Mo. 58.) The petition or information fails to show any title in the relator, and the demurrer, therefore, ought to have been sustained.

*Bruere & Kingsbury*, for respondent.

I. The whole scope and end of these proceedings is to ascertain by what warrant the defendant occupies the office of director in said school district, and, if that is found insufficient, to oust him. The proper incumbent, if there is one in existence, will then find the path unobstructed to the attainment of his right for the office. The relator might just as well be merely a citizen of that school township, or any person claiming any interest in the government of the public schools in that township, and laying no claim to the office in controversy. The only way in which the qualification of the relator to appear as such can be questioned is upon the application for leave to file the information. No exception was taken to the action of the Circuit Court permitting such information to be filed, nor was there a motion filed to set aside the order granting such leave. It is not a subject for demurrer, because the interest of the relator need not and rarely does appear in the information. If a suitable interest is not shown in the subject-matter, leave to file the information will be refused. (Tancred's Quo Warranto, 45-6; Cole's Quo Warranto, 172; Hequembourg v. Lawrence, 38 Mo. 535.)

II. Our statutes do not require that the relator must have the right to or be entitled to the office. (R. C. 1855, p. 633, §§ 1, 3; State *ex rel.* Washington County v. Stone, 25 Mo. 555.) A writ of *quo warranto* is a writ of right, and issues as a matter of course upon demand of the proper officer.

III. The petition states that said relator, Quirin Kempf, was the legally-elected school director at said election.

CURRIER, Judge, delivered the opinion of the court.

This is an information in the nature of a writ of *quo warranto*. It is brought at the relation of Kempf against the defendant, as an intruder into the office of school director for township 48, in St. Charles county. Kempf and the defendant were

candidates for that office at the election, and the defendant, as the information shows, received a majority of the votes, Kempf being the next in vote. Kempf had taken and filed the oath of loyalty as provided by the constitution, which the defendant had neglected to do. It is therefore claimed, and justly, that the defendant was ineligible to the office and wanting in the legal prerequisites qualifying him for the discharge of the functions of a school director. But was Kempf in any better condition? The information shows that he took and filed the oath of loyalty as provided by law, but it fails to show that he possessed certain other indispensable prerequisites of elegibility, as that he was a " resident qualified voter" in the district. (Sess. Acts 1868, p. 165, § 2.) On that ground the information is demurred to as insufficient; and whether or not the information is sufficient is the question for decision.

The enactment that informations of this character may be exhibited " at the relation of any person desiring to prosecute the same," means any person having an interest in the subject of the prosecution — in this case in the office of school director. (State ex rel. Hequembourg v. Lawrence, 38 Mo. 535; Commonwealth ex rel. McLaughlin v. Cluley, 56 Penn. St. 270.) What interest had the relator in that office? The information fails to show that he had any. It states that he received a minority of the votes, and filed the required oath, and there stops, so far as any attempt is made to set out his qualifications for the office is concerned. But it was necessary, in order to show title to the office in him, that it should further appear that he was a resident qualified voter in the district — that is, that he resided in the district; that he had resided in the State one year; and that he had registered, and thereby become a qualified voter. It was as necessary to show these facts as to show that he had taken the oath of loyalty. But there is no allegation, general or special, in the information averring elegibility or qualification for the office, except as to the question of loyalty. For aught the information discloses, the relator may have been a resident of some other State, and so disqualified from holding the office. If disqualified in consequence of non-residence or other cause, he had no legal title

to the office, and consequently no interest therein. The information might be well enough after verdict or judgment, but the question here arises upon demurrer, and the objection must be sustained.

As regards the votes cast for the defendant, they were nugatory. It was as though no such votes had been cast at the election. The constitution distinctly prohibited their being cast up or treated as votes at all, as it also prohibited the issuing of a certificate of election because of them. The evident intention of the constitution is that the party receiving the majority of available votes should have the certificate of election; that is, the majority of votes that it was permissible for the canvassers to " cast up."

The judgment will be reversed and the cause remanded. The other judges concur.