STATE OF MISSOURI EX REL. GEORGE CHAMBLIN V. J. W. BRANCH, Respondent.

Kansas City Court of Appeals, May 5, 1885. *

QUO WARRANTO—CASE ADJUDGED.—The circuit court has jurisdiction, and is invested, by statute, with all the necessary machinery for the determination of this controversy, and no fact is stated which would justify this court in turning aside from the consideration of its ordinary business to hear this case on the facts and the law.

APPLICATION for a writ of *quo warranto.*

*Application refused.*

PHILIPS, P. J.—This is an application for a writ of *quo warranto.* It is apparent, from the petition, that while the information is made in the name of the prosecuting attorney of Lafayette county, it is, in fact, at the relation and for the benefit of a private person, to determine the question of the right of relator, or respondent, to hold and exercise the office of mayor in a municipal corporation situate in Lafayette county, Mo. As such, the application comes clearly within the principles laid down by the Supreme Court in *State ex rel. v. Buskirk* (43 Mo. 111); *State ex rel. v. Stewart* (32 Mo. 379); *State ex rel. v. Lawrence* (38 Mo. 535); *State v. Vail* (53 Mo. 97).

The constitutional provision conferring jurisdiction on this court to grant a writ of *quo warranto* is identical with that conferring jurisdiction on the Supreme Court in such matters. The same rule of construction and of practice should apply in both courts. The petition in this case shows no special reason why this court should exercise its constitutional right in the premises.

* NOTE :—Certified copy of this opinion was not delivered to me until January 10, 1888.—REPORTER.

The circuit court has jurisdiction, and is invested, by statute, with all the necessary machinery for the determination of this controversy, and no fact is stated which would justify this court in turning aside from the consideration of the great number of causes, properly here on appeal, and suffering for determination, to hear this case on the facts and the law.   And we think it both wise and important not to establish, by hearing this application, a precedent which might, and probably would, come back to plague us.

For this reason the application is refused.   All concur.