STATE OF MISSOURI *ex rel.* ATTORNEY-GENERAL, at the
Information of CARL E. LAWRENCE, Relator,
v. CHAS. K. BALCOM, Respondent.

### Kansas City Court of Appeals, May 3, 1897.

1. **Quo Warranto:** INFORMATION: WRIT OF RIGHT.· When the
attorney-general files an information *ex officio* for a writ of *quo
warranto*, the writ goes as of right; but when the writ is filed on the
information and at the relation of a private person, issuance of the
writ depends upon the sound discretion of the court under the cir-
cumstances of the case.

2. ———: ———: PUBLIC OFFICERS: PRIVATE CITIZEN. The informa-
tion for a writ of *quo warranto* is analyzed and *held* to be upon the
relation of a private citizen and not a public officer, and the writ which
has been improvidently issued is dismissed.

### *Original Proceeding by Quo Warranto.*

WRIT DISMISSED.

*J. J. Williams* for relator.

(1) This is not a contest between two private
persons, as respondent claims. The judgment, if for
the relator, can only be one ousting the respondent.
*State ex rel. v. Vaile*, 53 Mo. 97. A "contested elec-
tion" is defined in *State ex rel. v. Francis*, 88 Mo. 557.
The primary question in a *quo warranto* proceeding is
whether the respondent is legally entitled to hold the
office and not as to the right of any other person who
may claim it. *State ex rel. v. Townley*, 56 Mo. 107;
*State ex rel. v. Francis, supra*. The case at bar is not
an election contest nor is it a contest between two pri-
vate persons for an office. It is not claimed in this
proceeding that Lawrence is entitled to the office. (2)
The attorney-general is the relator in this case. It is not

stated where he got the facts presented by him in his information to the court, but the attorney-general, as such, relates and asserts them, and this case could not be dismissed or discontinued without his consent. It could be dismissed or discontinued without the consent of Lawrence. The attorney-general is named "therein as relator." R. S. 1889, sec. 7390. And, therefore, the attorney-general prosecutes the case and controls it as provided in the statute. *State ex rel. v. Campbell,* 120 Mo. 396; *State ex rel. v. McMillan,* 108 Mo. 157.

SMITH, P. J.—The writ of *quo warranto* in this case was issued without leave of court for that purpose first had and obtained. When the attorney-general or prosecuting attorney files an information *ex officio*, it is not necessary that the leave of court should be obtained. A writ of *quo warranto* is in the nature of a writ of right for the state against any person who claims or exercises any office, to inquire by what authority he supports his claim, in order to determine the right. *State v. Insurance Co.,* 8 Mo. 331; *State v. Merry,* 3 Mo. 278; *State v. McIlhany,* 32 Mo. 379; *State v. Lawrence,* 38 Mo. 535; *State v. Buskirk,* 43 Mo. 111. But an information at the relation of a private person under the statute, section 7390, exhibited as at common law can be filed only by leave of court. The information is not granted as of course, but depends upon the sound discretion of the court under the circumstances of the case. One of the circumstances that materially influences the exercise of this discretion is the absence or existence of any other remedy. There are other circumstances, not merely growing out of the nature of the office and the position of the parties, but depending on the powers and peculiar jurisdiction of the courts to which the

QUO WARRANTO: information: writ of right:

application is made which will influence the result of the application.

In *Commonwealth v. Burney*, 4 Bain. 117, where a motion for leave to file an information in the nature of *quo warranto* was denied because the court had no power to try the issues of fact, it was said by TILGHMAN, C. J.: "The advocates of the motion say that we ought to proceed until we meet with this impediment; that very probably no issue of fact will arise; and that, if it should, it is time enough to stop when we come to it. To this mode of reasoning I can not accede. It behooves the court to look to their first step, or they may find themselves placed in a very undignified situation. I can not consent to institute a proceeding of which I do not clearly see the end, in which the defendant may baffle us at pleasure by insisting on an issue in fact which it is not in our power to try."

We may with propriety quote a part of what was said by Judge NAPTON in *State v. McIlhany, supra*, which is to the effect: "There is no doubt that this court is mainly intended by the constitution as an appellate tribunal. In some instances original jurisdiction has been given it, but chiefly with a view to enable it to exercise more effectually its superintending control over inferior courts. Its power in proceedings in *quo warranto* seems to be a departure from the general policy evidenced in the construction of the court. Whether this jurisdiction was designed to extend to that class of informations, which, under the English statutes, had become essentially civil actions, commenced and conducted in the name of a public officer, but really for the mere ascertainment and settlement of private rights, is a question which might justify some hesitation and consideration, if it were necessary now to determine it. The legislature, it is certain, have furnished this court with none of the machinery

for trying issues of fact, and in practice such trials are altogether without precedent. These informations are attended with all the forms and must progress through all the stages incident to any other writ. There are pleas and demurrers, issues in law and in fact, trials by jury, motions for new trials, in arrest of judgment and writs of error * * * There may be cases clearly falling within the constitutional competency of this court, in which the court might find itself compelled to resort to all the powers essential to carry out the duties devolved on it, however inconvenient the exercise of such authority might prove, but when the question of entertaining the motion is one of discretion, the considerations to which we have alluded must certainly be entitled to weight. * * * If parties were remediless without the interposition of this court, and the jurisdiction of the court was beyond dispute, it would be the duty of this court, notwithstanding the difficulties and embarrassments occasioned by want of legislation, to proceed to a determination of the cause; but there is no question of the jurisdiction of the circuit court," etc.

If the present information is an *ex officio* information filed by the attorney-general, then we are invested with no discretion to decline to proceed, but if it is not *ex officio*, but an information filed by the attorney general, at the relation of a private person,

—: —: public officers: private citizen.

we may or not, in the exercise of our discretion, decline to proceed further. The information alleges that "The State of Missouri, by Edward C. Crow, upon the information of Carl E. Lawrence, gives the court to understand," etc.

Substituting the word "relation" for that of "information" in the above quotation and we have the form of words usually employed in describing the relator in an information of this kind. *State v. Buskirk*, 43 Mo. 111.

The word "information" was used in the equivalent sense of that of "relation." The information then proceeds, with great minuteness, to state that the city of Westport is a city of the fourth class and divided into wards, and that at the general election held in said city on the sixth day of April, 1897, the respondent, relator, and another were candidates and that respondent received the highest number of votes so cast at said election and that the relator received the next highest number. It is further alleged that the respondent was duly declared elected and that a certificate was issued to him accordingly. It is also further alleged that at the time of said election the respondent was in arrears in a certain amount of city taxes for the year 1895 and that in consequence thereof he was ineligible to said office of alderman, but notwithstanding this, he was then acting as alderman of said first ward, etc. The information alleges further that at the date of said election the relator was over the age of twenty-one years and a citizen of the United States and an inhabitant and resident of the city of Westport for more than one year next preceding the said election and an inhabitant and resident of said first ward and was not at that time in arrears for any city taxes, fines, forfeiture or defalcation in office.

We have thus summarized the substantive allegations of the said information to show that it is not *ex officio* but an information in the nature of *quo warranto*, at the relation of a private person and for his benefit. If the information were an *ex officio* information by the attorney-general, it would have been unnecessary for the relator to have verified the same by his affidavit; the attorney-general is a sworn officer of the state government and an information officially signed and filed by him must be regarded as if under the sanction of his oath. It is therefore clear to our mind that the

information is in the nature of *quo warranto* on the relation of a private person.

No special reasons are shown in the present instance for invoking the original jurisdiction of this court. The remedy pointed out by statute, chapter 132, Revised Statutes, authorizing proceedings of this kind in the circuit court, ought in all cases to be followed unless it appears to the satisfaction of the court that there is a necessity for the exercise of its original· jurisdiction. No good reason is made to appear why the relator should not be required to follow the provisions of the statute just referred to.

Conforming to the well established precedents in this state, the writ of *quo warranto*, which has been improvidently issued, will be dismissed. *State v. Claggett*, 73 Mo. 388. All concur.