STATE OF MISSOURI ex rel. ROBERT McNAMARA
and J. MULLANPHY CATES, Relators, v. HENRY
L. WILSON et al., Judges of the County Court of St.
Louis County, Defendants.

**St. Louis Court of Appeals, October 21, 1901.**

1. **Writ of Certiorari: WHEN ISSUED: JURISDICTION OF COURT OF APPEALS.** The writ of certiorari may be issued by the Court of Appeals as part of its supervisory jurisdiction over inferior courts as well as in the exercise of its original jurisdiction.

2. ————: **WRIT OF CERTIORARI, WHEN DENIED.** The appellate courts, as a general rule, should deny applications for extraordinary writs where the circuit court has concurrent jurisdiction, unless unusual facts give the case a large public interest, or peculiar circumstances raise the case above the plane of a mere local contention.

3. **Jurisdiction of Circuit Courts.** The circuit court has jurisdiction to hear and determine proceedings in certiorari.

*Original Proceeding.*

Writ denied.

No briefs furnished reporter.

PER CURIAM.—This is an original application for a writ of certiorari. Relators are taxpayers of Central township, St. Louis county, Missouri, and reside in the unincorporated village of Normandy in that township. Their complaint is that the county court, of which defendants are judges,

has unlawfully issued a dramshop license to Eugene Guerre. The relators represent that Guerre's petition for a license was not signed by the requisite number of taxpaying citizens, etc. A number of allegations are made to show that the license which the county court ultimately issued to Guerre was unwarranted by the law and the facts, and so appears by the record. The relators seek to quash, by certiorari, the action of the county court granting the license.

It is within the proper province of this court to use the writ of certiorari in its supervisory jurisdiction over inferior courts, as well as in the administration of original jurisdiction conferred by the Constitution (Const. 1875, art. 6, sec. 12). But its original jurisdiction should be exerted only in extra-ordinary cases. The circuit courts have power to hear and determine proceedings in certiorari. Nothing appears in the present application to show why a resort to the circuit court of St. Louis county would not be equally effective to obtain the remedy sought. The Supreme Court said, many years ago, concerning its original jurisdiction to issue extraordinary writs, that application therefor should be denied when the trial courts were open, "except" [to quote that court's language] "under peculiar circumstances." Hunter v. Chandler, 45 Mo. 455. It has been commonly the practice of that court to deny such applications, unless unusual facts appeared which gave to the particular case a large public interest or seemed to justify a departure from the general rule. State ex rel. v. Stewart, 32 Mo. 379; State ex rel. v. Buskirk, 43 Mo. 111; State ex rel. v. Claggett, 73 Mo. 388. In this case, nothing has been alleged disclosing any exceptional circumstances to the granting of the dramshop license complained of.

We are aware that this court has occasionally issued such writs to review records of the kind in question here. But the recent enlargement of the appellate jurisdiction of this court

(Sess. Laws, 1901, p. 107) admonishes us to curtail the resort to original proceedings, at least in ordinary cases where the local circuit courts are equally available to afford relief. It appears to us better to give preference to causes coming before this court by appeal or writ of error rather than to displace or delay them by original proceedings, except on such a showing of special facts as would raise the case above the plane of a mere local contention. We should not encourage the growth of our original jurisdiction to settle ordinary controversies to the detriment of the appellate work of the court.

The occasions for using the writs within the power of the court should be confined to those emergencies where the concurrent jurisdiction of the circuit court can not be efficiently utilized, or where special circumstances take the case out of the operation of the general rule above declared.

We therefore deny the present application without determining, and without prejudice to, the merits it may have.

All concur.