[No. 2124.]

JONES v. CARVER.

Judgments—Law of the Case—Title to Office—Emoluments.

In an action to try title to an office a judgment for respondent was reversed by the court of appeals, the opinion of the court stating that relator was lawfully appointed to the office and that his attempted removal and the appointment of respondent were void and that the judgment ought to have been one ousting respondent and putting the relator into possession. When the remittitur was filed in the lower court the term of office in controversy had expired and the parties stipulated that the judgment of the court of appeals should be made the judgment of the lower court, and an order for such judgment was signed. Judgment was then entered for relator for costs without specifically awarding title to the office. In a subsequent action by relator against respondent to recover the fees and emoluments

collected by respondent while wrongfully in possession of the office, the judgment in the former case was sufficient to establish plaintiff's right and he was entitled to recover.

*Appeal from the District Court of Douglas County.*

Mr. CHARLES M. CAMPBELL, for appellant.

Mr. W. HENRY SMITH and Mr. WILLIAM H. DAVIS, for appellee.

THOMSON, J.

On the 26th day of March, 1892, The People of the State of Colorado, on the relation of William W. Jones, instituted in the district court of Douglas county a proceeding under the statute to try the title to the office of road overseer of that county, charging that Jones was lawfully entitled to the office, and that the respondent, William E. Carver, who was in possession of the office, was a usurper. On the 23d day of December, 1892, a trial was had, which resulted in a judgment in favor of the respondent; thereupon the relator brought the cause into this court by appeal from the judgment.

At its September term, 1894, the cause was heard by this court, and a judgment rendered reversing the judgment of the court below. In the opinion delivered, we held that the relator was lawfully appointed; that the proceedings by which the removal of the relator and the appointment of Carver, were attempted, were void; that the title of the relator to the office was not divested, and no title was acquired by Carver, and that the judgment which ought to have been rendered was one ousting Carver, and putting the relator into possession.—*People ex rel. Jones v. Carver,* 5 Colo. App. 156.

On the 4th day of September, 1894, the remittitur from this court was filed with the clerk of the lower court. On the 3d day of January, 1895, coun-

sel for the parties stipulated in writing as follows:

"State of Colorado, Douglas county, ss.

"In the district court of the fourth judicial district, within and for said county.

"The People of the State of Colorado, on the relation of William W. Jones, plaintiff, v. William E. Carver, defendant.  Stipulation.

"The parties hereto by their respective attorneys hereby stipulate and agree that whereas the remittitur in the above entitled action has been filed in the office of the clerk of the district court of Douglas county on the 4th day of December, 1894, that the court shall sign the order hereto attached, that judgment be entered thereon.  William Dillon, Charles M. Campbell, attorneys for plaintiff; William H. Davis, attorney for defendant."

The stipulation was allowed, and the order it mentioned signed as it provided; and both were entered of record in the cause.  The following is a copy of the order as so signed and filed:

"The People of the State of Colorado, on the relation of William W. Jones, plaintiff, v. William E. Carver, defendant.  Order of judgment.

"An appeal from the judgment entered in this action on the 23d day of December, 1892, having been taken to the supreme court and transferred by that court to the court of appeals, and the said court of appeals having on the 22d day of October, 1894, reversed the judgment of this court, and the remittitur from the said court of appeals having been filed in the office of the clerk of the district court of Douglas county, on motion of William Dillon, Esq., and Charles M. Campbell, Esq., attorneys for the plaintiff, it is ordered that the judgment of the court of appeals be and the same is hereby made the judgment of this court.  And that the said plaintiff do have and recover of and from said defendant the

amount of his costs, $6 68-100, and that he have execution therefor.

(Signed.)        "John Campbell,
"Judge of the Fourth Judicial District of the State
of Colorado."

Thereupon the following judgment was entered in the cause

"The court having this day ordered that judgment be entered herein upon the remittitur from the court of appeals; Now, therefore, it is considered by the court that the said plaintiff do have and recover of and from the said defendant, W. E. Carver, the sum of $6 68-100, his costs in this behalf laid out and expended, to be taxed, and have execution therefor."

This action was brought by Jones against Carver to recover from the latter the emoluments of the office received by him while unlawfully in its possession. Judgment was given for the defendant, and the plaintiff appeals.

The facts as we have detailed them were alleged and proved. By the judgment of this court title to the office was in the plaintiff, and the defendant was a usurper. The judgment below was reversed without instruction so that the cause might have been retried, but counsel for the defendant presumably realized the futility of further trial, and joined with counsel for the relator in accepting the judgment of this court and agreeing to an entry of judgment accordingly.

In the case at bar the trial court undertook to give in writing its reasons for its judgment. As nearly as we can understand its opinion the grounds on which it acted were these: That this court directed no specified judgment to be entered by the trial court, but contented itself with a simple reversal, remanding the case for a retrial; that no retrial was had, but that the parties agreed upon a

judgment which was entered by the court, and that the judgment so entered did not award the title but was a judgment for costs only. In its opinion the court seems to have started with the assumption that a judgment in a proceeding to try the title to an office, in order to be effective, must formally grant the title to the successful suitor, and it cited a long list of authorities to show that the judgment of this court was ineffective as "bestowing" title on the plaintiff.

In an action to try the title to land the court does not give title. It finds where the title already existing is, and renders judgment accordingly. Neither in a *quo warranto* proceeding does the court award title. The title in this case existed before the litigation began, and all the court could do was to find who had it. This court could not bestow it; the commissioners of Douglas county had already bestowed it, and the main question was whether they had been successful in taking it away. We held that they had not; that their effort to divest it effected nothing, and that it still remained in the plaintiff. Without a judgment against him on a retrial after the reversal, upon a different showing from that made at first, the opinion of this court remained the law of the case, and the office belonged to the plaintiff. The defendant's counsel presumably realized that the result could not be changed and, upon the stipulation of counsel on both sides the court entered an order that the judgment of this court should be its judgment. Such action of the court was tantamount to a finding by it that the plaintiff was entitled to the office. The formal judgment which followed was a judgment against the defendant for costs. The court seems to have thought that such a judgment in such a case determined nothing. It was the only judgment which at the time could properly

be entered. At the first trial the defendant was in possession of the office and the judgment should have been a judgment against him of ouster and for costs. When the case came up again after it had been remanded by us, the plaintiff's term had expired. He no longer had title to the office, and it was no longer occupied by the defendant. In the lapse of time it was filled by another incumbent regularly appointed. There could therefore be no judgment of ouster; and the title being in the plaintiff the only judgment which could be regularly entered in his favor was a judgment for costs. Even if the record contained no entry concerning title a judgment in the plaintiff's favor for costs would imply a finding of title in him.

The right of the plaintiff having been established he is entitled in this action to recover from the defendant the amount of the lawful fees and emoluments of the office received by the latter while exercising its functions.—*Hunter v. Chandler,* 45 Mo. 452; *Mayfield v. Moore,* 53 Ill. 428; *The People ex rel. Benoit v. Miller,* 24 Mich. 458; *U. S. v. Addison,* 6 Wall. 291.

The judgment will be reversed and the cause remanded, with instructions to the district court to find what were the lawful fees and emoluments pertaining to the office, received by the defendant during the portion of the plaintiff's term occupied by him as road overseer, and enter judgment for the amount in the plaintiff's favor.          *Reversed.*