BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1917.

THE STATE OF MISSOURI at the information of the Prosecuting Attorney of Jackson county, Missouri, at the Relation of ETHEL RIDENOUR, MRS. FANNIE L. TAYLOR, MRS. P. N. HANLEY, MRS. H. H. McCLUER and MRS. GEORGE W. ADDISON, Relators and Appellants, v. MRS. J. S. ADSIT, MRS. T. W. McBRIDE, MRS. A. BENNETT BROWN, MRS. A. F. BRAND and MRS. SAMUEL LATZ, Respondents.

Kansas City Court of Appeals, March 5, 1917.

1. **QUO WARRANTO: Appeal and Error; Moot Question: Dismissal.** Certain persons, claiming to have been elected to certain offices in a charitable corporation at a special meeting, brought *quo warranto* against the incumbents holding over after the time for the regular annual election, to test their right to said offices. Pending the appeal, the next regular annual election came around at which other persons were elected to the offices involved in this controversy. *Held*, that since this regular election terminated not only whatever rights the incumbents had but also those of the claimants, there is nothing but a moot question to be determined; and since court's do not sit for the determination of mere moot questions, the appeal will be dismissed.

2. ———: ———: ———: ———. While it is well settled that in certain cases a respondent cannot, by resigning the office, prevent

(572)                                    [195 M. A.

the prosecution of a *quo warranto* proceeding, and that a proceeding to test the right to a public office may be tried after the term in question has expired, yet the reason of that rule is that the proceeding is not instituted for the sole purpose, of trying the question of who was entitled to the office, but a final adjudication is necessary to establish some other right of the complainant, as for instance, who is entitled to the emoluments of the office.

3. ———: ———: ———: ———: Proceedings at Annual Meeting: Presumption. Everything done at an annual meeting, the date for which is specially fixed by the by-laws, is presumed to have been legally done in the absence of express showing on the face of the record to the contrary.

Appeal from Jackson Circuit Court.—*Hon. Thomas B. Buckner;* Judge.

APPEAL DISMISSED.

*H. M. Beardsley* and *H. H. McCluer* for appellants.

*Haff, Meservey, German & Michaels* for respondents.

TRIMBLE, J.—It is conceded by all parties hereto that the "Council of Clubs" is a philanthropic, charitable and eleemosynary corporation organized under the provisions of article 10, chapter 33, Revised Statutes 1909. Its membership is said to consist of several clubs of the women of Kansas City, each of which clubs is represented in the "Council of Clubs" by its president and two other delegates.

Under its constitution and by-laws, the corporation has, as its officers, a president, three vice-presidents, a recording secretary, corresponding secretary and auditor. There are also a number of Committees, among them, the Civics Committee and the House Committee. It was provided in the constitution and by-laws that the officers and the chairman of each committee should be elected at the annual meeting on the last Thursday in October. No provision was made for the election of officers at any other meeting, nor is there any section in the statute, under which the Council of Clubs was organized. providing that if an officer is not elected at the annual meet-

ing, an election may be held thereafter. The law specifically provides for this in the case of other corporations. [Sec. 2971, R. S. 1909.] But, in the case of corporations of the character now under consideration, there is no such provision; and section 3433 of said article 10, provides that the by-laws made by the corporations contemplated by said article 'shall control their "government and support," so long as they are conformable to the charter and are not contrary to the constitution and laws of the State. The constitution and by-laws do not provide for any election of officers at any time other than at the annual meeting nor do they fix any limit to the term or tenure of office of the officers of said corporation.

Prior to the Annual Meeting in October, 1915, the respondents herein were officers of said corporation, duly elected and acting, that is to say, Mrs. T. W. McBride was recording secretary; Mrs. A. Bennett Brown was corresponding secretary; Mrs. J. S. Adsit was treasurer; Mrs. A. F. Brand was chairman of the Civics Committee; and Mrs. Samuel Latz was chairman of the House Committee.

At said Annual Meeting held on the last Thursday in October, 1915, the corporation held an election of officers at which, after a president and three vice presidents had been elected, the meeting voluntarily adjourned *sine die* without electing any others.

Thereafter, the president, at the request of some five or six of the constituent clubs, called a *special* meeting. (Respondents say the persons composing this meeting were not required to present credentials showing their right to participate in said meeting, but that the presiding officer merely accepted their word that they were delegates from their respective clubs without requiring anything from said clubs to show that they were such delegates.) At said meeting an election was held at which the following officers were chosen to-wit: Mrs. Fannie L. Taylor, recording secretary; Mrs. P. M. Hanley, corresponding secretary; Miss Ethel Ridenour, treasurer; Mrs. H. H. McCluer, chairman of the Civics

Committee; and Mrs. George W. Addison, chairman of the House Committee. Said persons, so elected at said meeting, are the relatrices herein. The respondents who, as stated, were respectively elected to said offices the previous year, and who were holding their offices at the time of said special meeting, refused to surrender them.

Thereupon, Relatrices, under section 2633, Revised Statute 1909, filed a petition for leave to file an information in the nature of *quo warranto* against respondents to determine by what authority they respectively held said offices and to prevent them from further acting in said several capacities. The circuit court granted the leave, and thereupon this proceeding in the nature of a *quo warranto* against respondents was brought.

Respondents filed answer setting up three defenses, namely: 1. That the petition was multifarious since each of the relatrices claim an office separate and distinct from the others and allege that respondents are respectively withholding the separate and distinct offices claimed by them respectively, and no claimant of any one of such offices is interested in any way in the incumbency of any other office. 2. That the so-called election at the special meeting was without authority. 3. That the right of the persons to participate in said special meeting as delegates was not ascertained and was incorrectly determined.

After a hearing, the trial court found the issues for respondents and dismissed the petition. Thereupon relatrices appealed.

Subsequent to the appeal but prior to the submission of the case in this court, respondents filed a motion to dismiss the appeal based upon the assertion, supported by proof, that since the determination of the case in the court below, the annual meeting in October, 1916, was duly and regularly held, at which time officers of the corporation were duly and regularly elected for all the offices involved in this controversy, leaving no live question in the case for the determination of this court, but only a moot question or abstraction not involving any real controversy between the parties. This motion was, by

order of the court, taken with the case. Necessarily it should be the first question to be considered since, if it is maintainable, it disposes of the case.

The offices involved have no salary attached to them, nor is there anything else involved herein beside the *mere right to hold the offices* in question. And since, at the regular annual meeting in October, 1916, provided for in the by-laws, an election of officers was held which terminated not only whatever rights the respondents had to the offices in question but also the rights, if any, of the relatrices thereto, it is difficult to see what is now left for this court to adjudicate or determine save a mere moot question as to who was properly entitled to the offices in controversy from and after the so-called election at the special meeting up to the regular annual meeting on the date specified in the by-laws, to-wit, the last Thursday in October, 1916. No matter who was theretofore entitled to the said offices, that right was terminated by the election held on said last named date, and even if our conclusion should be that relatrices were entitled to the offices, our judgment could not seat them therein. In other words, there is now nothing but an abstraction upon which our judgment could operate.

In the case of Mills v. Green, 159 U. S. 651, l. c. 653, the Supreme Court of the United States, in passing upon a motion to dismiss an appeal because there was then "no actual controversy involving real and substantial rights between the parties to the record, and no subject-matter upon which the judgment of this court can operate" held that the appeal therein must be dismissed upon that ground. The court, in so ruling, said:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this

court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence. [Lord v. Veazie, 8 How. 251; California v. San Pablo & Tulare Railroad, 149 U. S. 308.]''

In the case of Kalbfell v. Wood, 193 Mo. 675, l. c. 689, the Supreme Court of Missouri said:

''But there is another ground upon which we think this cause should be dismissed, and it is this: Courts do not sit for the purpose of determining speculative and abstract questions of law, or laying down rules for the future conduct of individuals in their business, but are confined in their judicial action to real controversies wherein the legal rights of parties are necessarily involved and can be conclusively determined. [Thomas v. Musical Mutual Protective Union, 8 L. R. A. 178; Bigelow v. Hartford Bridge Co., 14 Conn. 565.]''

The court quotes with approval from the case of Mills v. Green, supra, and then concludes by saying that as there is nothing before the court except a moot question and as no judgment it might render could be enforced in plaintiff's behalf, the proceeding was dismissed.

In the case of State ex rel. v. Imel, 243 Mo. 180, l. c. 189, it is said:

''Courts refuse to entertain jurisdiction or proceed to judgment where there is no living concrete question. They do not sit to determine who has the better of the argument on a mere abstract and speculative question of law, but, when advised that such stage is reached, they stay their hand. They sit to adjudicate the rights of parties in real controversies where their judgments can do some good by being carried into effect. And where, as in this case, events have happened making it impossible for an appellate court to grant effectual relief on appeal. the appeal will be dismissed, although such facts do not appear on the record, but appear extrinsically.''

195 M. A.—37

We are aware of those cases which hold that in certain instances the respondent cannot by his act, as by resigning, etc., prevent the prosecution of a *quo warranto* proceeding to final judgment; and it is also well settled that a proceeding to test the right to a public office may be tried after the term in question has expired. [Hunter v. Chandler, 45 Mo. 452.]    But the reason of that rule is that the proceeding is not instituted for the *sole* purpose of trying the question who was entitled to an office.    In all of such cases, whether involving the right to a public or any other office, the final adjudication of the question was necessary in order to establish some other right of the complainant, for instance, who is entitled to the emoluments of the office.

The proof in support of the motion to dismiss shows that the regular election for 1916 was held at the annual meeting specified in the by-laws, and that the officers were filled at said election.    Since the meeting was the *annual* meeting specifically fixed by the by-laws, the presumption is that everything done thereat was legal, in the absence of an express showing on the face of the record to the contrary.    The affidavit filed in behalf of relatrices does not show that the election at the annual meeting of October, 1916, was illegal.    Such an issue is not in the case, nor could it be determined herein had the pleadings made it an issue, seeing that those elected at said meeting are not parties hereto.

The motion to dismiss the appeal herein is sustained for the reason that only a moot question is now involved and that even if a judgment might be rendered in relatrices' favor, it could not be enforced in their favor.    All concur.