## OLDHAM v. HENDERSON.

1. The supreme court will not interfere with a verdict and direct a new trial, except in cases where the jury clearly erred, and the court refused a new trial.
2. Where a creditor admitted the receipt of money from his debtor, but stated it to be a loan—the admission taken together does not amount to proof of payment.
3. Nor could the amount received be allowed as a set off, unless claimed as such before or at the trial.
4. Where several partners jointly assume, one may be sued, and cannot plead in abatement the non joinder of the others.

APPEAL from the Pike county circuit court.

Henderson brought an action before a justice of the peace, for the value of fifty days work at 75 cents per day. Henderson had judgment before the justice for his demand. Oldham appealed to the circuit court where Henderson again had judgment.

Statement of the case.

A point arises on the record, on the motion for a new trial. The defendant moved for a new trial, and assigned several reasons, alleging that the court erred in matters of law, but these reasons, one only excepted, have no foundation [in] the record. It is also alleged that the verdict is against evidence. This motion was overruled.

The evidence given for the plaintiff, was that Oldham and one Herring were engaged in building a wind mill as partners, that Henderson went to Oldham to engage to work as a common hand, and said his price per day for labor was 75 cts., and that he would not work for any man for less. Oldham offered him 62½ cts. per day, which he refused; Oldham then told him to come back the next day, which he did, and he then sat in and worked fifty days. The plaintiff also proved that other hands were paid 75 cts. per day, and that some were paid more.

The defendant proved that Henderson was not as skilful as some employed but that he made a hand. It was also proved that about the time Henderson began to work, Herring met him on the road to Oldham's, and that Henderson speaking on the subject, said he could work for less than 75 cts. per day, that Herring told him to go to Old-

APRIL TERM
1836.

Oldham
v.
Henderson.

ham, and that whatever Oldham agreed to, he would agree to. This is all the evidence in relation to the *per diem* allowance, except that there was proof that some bargain was made. On the trial in the circuit, the plaintiff admitted that he had received of the defendant, a few days after he began to work, $4, 25 cents, but that he borrowed it of Oldham.

It is insisted by the counsel for Oldham, that the court ought to have allowed the $4, 25, as a payment, which the court failed to do. On the other side it is insisted that this was not to be allowed as a payment, nor could it be allowed as a set off, unless the set off had been relied on at the trial. In this case there was evidence that Henderson had received some money of Oldham, but on what account or how much does not appear, except by his admission on the trial.

Mr. F. P. Wright for appellant.

Argument of
counsel for apt.

This was an action commenced before a justice of the peace by Henderson, against Oldham for fifty days work at seventy-five cents per day. The parties regularly appeared before the justice, who gave judgment against the defendant, for $37, 50, being the full amount of the account as charged; and from this judgment, defendant regularly appealed to the circuit court; as the defendant's defence before the justice, was not reduced to writing, it does not appear on the record. At the commencement of the trial *de novo* before the circuit court, defendant offered a plea that the services if rendered at all, were rendered for said Oldham, and one Robert Herring as partners,—the account filed takes no notice of the other partner. He also stated that plaintiff had, before the commencement of the suit, and while at work for them, received $4, 25, of defendant; desired to prove the same, and to have it taken into consideration in the judgment; the court refused the plea in abatement, and ordered the trial to proceed without receiving it. The plaintiff then introduced his evidence which went fully to show that plaintiff had performed no labor for defendant except what he performed for Oldham and Herring as partners; that he knew this fact and looked to each for his pay. The defendant objected to the services proved, being received in evidence, on account of a variance from those charged, which objection was overruled by the court; and the decision excepted to by defendant.

Defendant then proved that he had let plaintiff have $4, 50 cents, before commencement of this suit, and

while he was at work for them; and asked the court to allow the same, which the court refused, but gave judgment against the defendant for fifty days work, at 75 cts. per day, (though the evidence did not justify the court in giving more than 62½ cents per day,) making $37, 50, the same as given by the justice; defendant moved for a new trial, which was overruled; the points were saved by bill of exceptions, and the case brought here on an appeal.

The errors of the court below, are:

1st. The court erred in not receiving the plea in abatement. The statute has not altered the common law in respect to joint and several contracts. This was a contract made by plaintiff with two partners, "all contracts with partners," says Lord Mansfield, "are joint and several, every partner is liable to pay the whole."—Rice v. Shute, 5 Burr, 2611; Stater v. Lawson, E. C. L. R. 409.

Hence the common law has not been changed, and it has never been denied that a defendant may, if he choose plead in abatement, that he has a partner not sued; at common law, suit could not be brought on a joint contract, against one partner unless he was a surviving partner; yet on a joint and several contract, suit might be brought against one of the promisors, and the judgment would have been good, unless the defendant saw fit to have his partner brought in, and this he could only do by plea in abatement.—2 B. and P. New R. 371; Powel v. Layton.

In an action against one of several partners, Ld. Mansfield in sustaining a plea in abatement, that there were other partners not joined, observed, "it is true that a plea in abatement usually meets with no favor as being a dilatory plea, yet it is not in all cases a dilatory plea, but may be necesrary to a due protection of a defendant." It is material to him in this case, because if a verdict be obtained against all the partners, it is at best prima facia evidence that they are all liable to a contribution, and it precludes any of them from resistinᵲ contribution, on the ground that there was not a full and fair defence to the action; and so in this case, Oldham is charged individually, no mention is made for whom or when the labor was performed; the evidence to piove his services was verbally given, and it might be an impossibility to obtain contribution by suit. Besides, the statute says that when suit is brought against one of several, it shall be brought on the same contract.

2nd. The proof did no agree with the charge; defen-

dant is charged individually; proof was that the services were performed for him and another, here then was a variance, and the evidence should have been rejected. An account filed before a justice should contain the certainty of a bill of particulars, and if plaintiff had wished to have given evidence of labor performed for the firm, he should have stated it to have been so performed in his account. The session acts of 1826–7, page 32, says "that plaintiff shall file the account on which the demand is founded."

3rd. The $4, 25 cents, advanced by Oldham to plaintiff should have been allowed, and the court did wrong in rejecting it. Herring, a witness introduced by plaintiff, stated that plaintiff told him that he had got some money of defendant, but did not state how much; and plaintiff admitted at trial, that he had got $4, 25 of defenadnt before the commencement of this suit, and a few days after he commenced the work, but stated that he had borrowed the same of said Oldham, and had ever been willing to pay the same.

On an appeal from a justice of the peace, the trial is had *de novo*, and the laws to guide the justice of the peace are to be the rules of action for the circuit court. The revised code of 1825, did not require that an off set before a justice of the peace should be in writing, the same may be pleaded is the language, and pleading before a justice or in a trial *de novo* before the circuit court, may be *ore tenus*, and even then need not be formal—R. C. 1835, 478.

The session acts of 1831, p. 50, makes it the duty of justices of the peace, to hear and determine actions before them, according to equity and good conscience, and to give judgment in all things according to right and justice in a summary way, without the form of pleading; and on appeals the same rules are to govern the circuit court. The defendant, then having proved that he had let plaintiff have $4, 50 cents, which had not been otherwise paid, the same should have been allowed as so much in satisfaction of his labor.

4th. The evidence did not justify the court in giving more than sixty-two and a half cents per day to plaintiff, and the court did wrong in allowing seventy-five cents per day. Herring, the partner of Oldham, who was introduced as a witness by plaintiff, stated that plaintiff came to him to hire out, stated that he could work for less than seventy-five cents per day, that he sent him to Oldham, to make the bargain. The witness present when

he came to Oldham, says that Oldham offered plaintiff 62½ cents per day, and plaintiff asked 75. There was no bargain then made, but was next day when nobody was present. His services were not proved to have been worth 75 cents per day, and Herring stated that they gave 75 cents for hands who knew rather more than plaintiff about the work, and taking the evidence together, it goes stronger to prove that he was not to have but 62½ cents per day, than 75 cents.

APRIL TERM
1835.

Oldham
v.
Henderson.

Mr. Chambers for appellee.

This was an action commenced by Henderson aganst Oldham, for fifty days work, at 75 cents per day.

Argument of
counsel for ape.

The suit was brought before a justice of the peace, and Henderson had judgment, from which Oldham appealed to the circuit court; on the trial in the circuit court, Henderson again had judgment, and Oldham appealed to this court. Upon the trial in the circuit court, Henderson proved the services and the price, and that he was employed to work by Oldham. It was also proved by the same witness, that Oldham and one Herring, were in partnership, building a wind mill, and that the services were rendered on this mill; and that there was reason to believe that Henderson knew that the work was for the partnership benefit.

From this state of facts, the defendant Oldham, moved to set aside the verdict, and grant a new trial, on the ground that the proof varied from the account charged; which motion the court overruled.

The plaintiff, Henderson, on the trial admitted that he had before the institution of the suit, borrowed of the plaintiff four dollars and twenty-five cents, which he had always been ready and willing to repay him. This the circuit court refused to let into the trial, on the ground that it had not been plead as a set off in the justice's court, and was taking the plaintiff by surprise; and if allowed, must compel the plaintiff Henderson, to pay the costs. The defendant when the suit was called, offered to prove the partnership, in abatement, but the court ordered the trial to proceed without regard to this plea, and the defendant did not except to the opinion of the court in this matter.

The following arguments are relied upon, to sustain the judgment of the court below:

1st. The court did not err in refusing the non suit or new trial, on the ground that the labor was rendered for

APRIL TERM
1836.

Oldham
v.
Henderson.

a partnership concern, and that therefore the proof varied from the account charged.

At common law, ever since the decision of the case of Rice v. Shute,—5 Burrows, 2611, by Lord Mansfield, it has been held, that the contract of copartners are joint and several, and that the plaintiff may sue one or all at his election, and that the only way that the defendant could compel the plaintiff to sue all was by plea in abatement.—See 1 Chitty's plead. 30; 18 Johns'. Rep. 481; 6 Cranch's rep. 265; 16 Johns'. rep. 166; 4 Hen. and Man. rep. 311; 2 Starkie Ev. 129. If the defendant fails to plead in abatement, and the nonjoinder does not appear on the record, it amounts to a waiver of his right to take advantage of the nonjoinder, and he becomes liable for the whole amount. But whatever doubt may have heretofore been entertained as to the effect of this rule upon copartners, (see 18 Johns.' rep. Spencer's opinion of Mansfields' decision) our statute on contracts has put the question to rest,—see revised laws 1825, p. 215, sec. 4, for it gives the right to bring suit upon the joint obligations and contracts of copartners against any one or more of them. Consequently, since the passage of that statute, if the plaintiff chooses to sue one only, neither a plea in abatement nor any other objection can be urged by the defendant for the nonjoinder; since that act the plaintiff has his election to join all the obligors or not, as he pleases.

2nd. The court did right in refusing to allow the $4, 25, as a part payment, for the reason that by the papers and record of this case, it will appear that it was not claimed as a set off, or payment in the justice's court, and it would be a most unjust doctrine to say that the defendant might hold back this until he came into the circuit court, and there offer it, and thereby put the plaintiff into the costs.—See revised laws, 1825, page 228, sec. 13. If the defendant had claimed it before the magistrate, the plaintiff would have allowed it, but whether he would claim it or not, was in his own discretion, and as this court said in the case of Martin v. Burton, decided at the last term of this court, "the law ought not to work injustice." Again, the circuit court is bound on appeal, to try the same thing that was tried below, and they cannot admit a set off to be allowed in that court, which was not claimed before the justice. If the defendant wants to claim his set off, he must file it before the justice,—see revised laws, 1825, p. 478, sec. 16, and if he fails to do so, he waives his right to have them adjudicated upon in that

cause. But the facts in this cause, shows that it was not a payment, and could not be so regarded. On a claim of payment either under the general issue or on the special plea of payment, the *onus* of proof rests on the defendant, and he must show, first the payment of the money, or its equivalent; second its application to the particular debt.—See 3 Starkie Ev. 1084.

The facts in this case show expressly that it was not to be applied to the discharge of this debt. It was a loan of so much money, as stated by the plaintiff, and it was optionary with the defendant whether he would let it go in discharge of that debt or not. Had that amount been paid in discharge of so much of the debt, the case might be different, or if it had been a payment in discharge of debts generally, without directions to the application, thereby giving the plaintiff the right to apply it, the case might be different. But in the present case the plaintiff had no right to apply it to the discharge of his debt, neither could he know until the trial in the circuit court, that the defendant would consent to such an application.

Opinion of the court, was delivered by McGirk J.

As to the question whether the court ought to have granted a new trial, we are of opinion the court did right to refuse it. It is only in those cases where the circuit court clearly erred, that this court ought to interfere; some members of this court would find the same verdict the court below did, and some would not. This diversity of opinion, is of itself a sufficient reason to prevent our interference.

With regard to the point whether the court ought to have allowed the defendant a deduction of $4, 25, which the plaintiff received of the defendant, we are of opinion that it was properly rejected, and disallowed. There was some proof that some money was received, but the amount was only proved by the admission of the plaintiff, and the same admission that fixes the amount, expressly fixes the fact that the money was advanced and received as a loan; for this reason, the court could not allow it as a payment, nor could it be allowed as a set off, unless the defendant had before, or at least at the trial, put in his claim to it by way of set off. The record does not show that any such thing was done.

The plaintiff in error has made one point of law, arising from the evidence on the trial. It appeared on the trial, that Oldham and Herring were partners, and that the work was done for both; the suit was brought against

Where a creditor admitted the receipt of money from his debtor, but stated it to be a loan—the admission taken together does not amount to proof of payment.

Where several partners jointly assume, one may

Oldham, and the charge in the plaintiff's account was against Oldham only. The defendant offered to set this matter up in abatement of the plaintiff's action, on the ground that where all the defendants are not sued in cases of copartnership and joint contracts, the nonjoinder may be pleaded in abatement The court refused this defence.

On the part of Henderson, the 7, section of the act concerning contracts and promises, (R. code, 117,) is relied on; which says: "In all cases of joint obligations, and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable." We are of opinion that this statute fully covers the case. The case of Rice v. Shults from Burrow, has been cited by the other side, to show that the case at bar, is not covered by the statute. That case proves this, that when one of a partnership is sued alone, he my say the contract is joint, and claim to have all the partners sued together, by pleading the matter in abatement, or he may consider the contract as several, waive his right to plead in abatement, and plead to the merits, and cannot claim on the trial, a non suit, on the ground of the nonjoinder. But the statute says if the assumption of partners is joint, any one of the partners may be sued alone. This declaration of the statute cannot be true, if it be true that when so sued alone, he may plead the nonjoinder in abatement, and defeat the plaintiff's action.

But it is argued that the statute does not apply to this case, because it treats of joint assumptions only of partners, and that at common law, every joint assumption of partners is not joint only, but joint and several; this is only a verbal *criticism*; before this statute, the defendant might elect to consider the contract joint, by his plea in abatement, or he might waive that benefit and let the plaintiff proceed on the contract as on a several one; the statute takes away the right of the defendant and gives it exclusively to the plaintiff. The judgment of the court below is affirmed with costs.