## THE STATE *vs.* THE ST. LOUIS PERPETUAL MARINE, FIRE, AND LIFE, INSURANCE COMPANY.

1. The third section of the act of February 25, 1843, entiled, "An act to repeal the charters of certain incorporated companies," declares, that "It is hereby made the special duty of the attorney-general of this State, to apply to the Supreme Court for a *quo warranto* against" certain insurance companies, &c. The attorney-general made application to the Supreme Court for said writ of *quo warranto*, as therein directed. The application was refused, on the ground, that the writ of *quo warranto* was a writ of right, and issued as a matter of course on demand of the proper officer.

2. It would seem that the general assembly confounded the proceedings on a writ of *quo warranto*, with those on an information in the nature of a *quo warranto*, by making it the duty of the attorney-general to apply to this Court for a writ of *quo warranto*.

*Scott, Judge, delivered the opinion of the Court.*

The State, by the attorney-general, filed a motion for a writ of *quo warranto*, against the St. Louis Perpetual Marine, Fire, and Life Insurance company, in order that proceedings might be thereupon had, in conformity with the provisions

of an act entitled, "An act to repeal the charters of certain incorporated companies," approved February 24, 1843. The motion indicates that the attorney-general is aware of the difference between a *quo warranto* and an information in the nature of a *quo warranto.*

This Court, by the constitution of the State, has power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari,* and other original remedial writs, and to hear and determine the same. It would seem that the general assembly confounded the proceedings on a writ of *quo warranto* with those on an information in the nature of a *quo warranto,* by making it the duty of the attorney-general to apply to this Court for a writ of *quo warranto.* A writ of *quo warranto* is in the nature of a writ of right for the State against any person who claims or exercises any office, to inquire by what authority he supports his claim, in order to determine the right. (3 Black. Com., 262.) The writ of *quo warranto,* in consequence of the length of its process, has long since become obsolete in the English law; and information in the nature of a *quo warranto,* wherein the process is speedier, has been substituted in its place.—Tomlin's Law Dic., title, "*Quo Warranto.*"

The general assembly must have contemplated this last proceeding, in directing the attorney-general to apply to this Court for a writ of *quo warranto.* A writ of *quo warranto,* as we have seen, is in the nature of a writ of right; it issues on demand of the proper officer of the State, as a matter of course, and there is no more necessity for an application to this Court for this writ than there would be for a summons in a Circuit Court, when the State is about to commence an action of debt against one of her debtors. No reasons are offered why the writ should issue; no information is communicated by affidavit, or otherwise; and there is no power in this Court to refuse issuing the writ. Where, then, is the necessity of asking leave? The asking leave is the admission that this Court has a discretion in refusing or granting a writ of *quo warranto,* whereas none is conceived to exist.

In the case of the State *vs.* Merry, 3 Mo. Rep., it was held, that under that clause in the constitution which gave this Court original jurisdiction of writs of *quo warranto,* an information in the nature of a *quo warranto* might be filed, and that jurisdiction of it would be entertained. In the case of the State *vs.* McBride, 4 Mo. Rep., 302, an information in the nature of a *quo warranto* was exhibited against him, and jurisdiction was entertained of it by this Court. The question was not made in that case; the party, it is presumed, acquiescing in the opinion pronounced in the case of the State *vs.* Merry.

No question of jurisdiction can arise on the application now made by the attorney-general, as he has not thought proper to ask leave to file an information in the nature of a *quo warranto,* but a demand is made simply for the writ itself, which, we conceive, issues as a matter of course from the clerk's office of this Court, on demand of the proper officer.

Motion refused.