THE STATE ex inf. WALTON, Prosecuting Attorney, ex rel. HAINES et al., Appellant, v. BEECHNER et al.

Division One, February 12, 1901.

**Quo Warranto:** AMENDMENT OF RETURN AFTER DEMURRER. The circuit court has power to permit a return in a proceeding in the nature of a quo warranto instituted by a prosecuting attorney at the relation of a third person, to be amended after the return has been adjudged insufficient on demurrer. The defendant, whom the proceeding seeks to oust of an office, has been given the right to amend by statute, and leave of court to do so is not necessary.

Appeal from Harrison Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*O. G. Williams* and *J. C. Wilson* for appellant.

(1) This proceeding lies to test the right of school directors to hold their office. State ex rel. v. Rose, 84 Mo. 198. And is properly brought by relators. Sec. 4457, R. S. 1899. (2) Being an extraordinary proceeding, and our statute in relation to quo warranto being silent as to the mode of procedure, the common law must be looked to as our guide. State v. Merry, 3 Mo. 278; State ex rel. v. Townsley, 56 Mo. 113; State ex rel. v. Vail, 53 Mo. 109; State ex rel. v. Mason, 77 Mo. 191;

State v. Railroad, 25 Vt. 433; State v. Daniel, 22 Ohio St. 354; State v. Roe, 26 N. J. L. 215; 2 Spelling's Extraordinary Relief, secs. 1772-1875; State ex rel. v. Meek, 129 Mo. 436. Code does not apply in this State as to right of trial by jury. State ex rel. v. Lupton, 64 Mo. 415; State v. Minn. T. M. Co., 40 Minn. 213; State v. Johnson, 26 Ark. 281. "The right of trial by jury did not, at common law, extend to a civil proceeding, such as quo warranto against a public officer." Spelling's Extraordinary Relief, sec. 1875. (3) The common law controlling, the defendants had no right to file an amended answer or return after the court had sustained a demurrer to the first one filed. The court should have entered judgment of ouster, striking out the amended answer. State ex rel. v. Vallins, 140 Mo. 523; People v. Stratton, 28 Cal. 382; State v. Beecher, 15 Ohio 723; 17 Ency. Plead. and Prac., 477; 2 Extraordinary Relief (Spelling), sec. 1878, p. 1535; State v. Herndon, 23 Fla. 287. Defendants failing to "plead directly and positively all the facts necessary to establish the title to the office which the defendant is called upon to justify; and in the absence of such an answer the State will be entitled to a judgment of ouster." 17 Ency. Plead. & Prac., 468-9 and note 1; State v. Powles, 136 Mo. 380; State v. McCann, 88 Mo. 386; State v. Meek, 129 Mo. 436. (4) The judgment of the court was improperly rendered, confirming the title of defendants to their office without any showing by them of facts authorizing the judgment—the burden being on them to show, not by allegations, but by evidence, their right to hold their office. State ex rel. Harris v. McCann, 88 Mo. 390-391; State ex rel. v. Meek, 129 Mo. 436; State ex rel. v. Powles, 136 Mo. 380; High Ex. Leg. Rem. (2 Ed.), sec. 629; People v. Bartlet, 6 Wend. 422; People v. Pease, 30 Barb. 588; Larke v. Crawford, 28 Mich. 88. Some authorities go so far as to hold that it is not sufficient to show authority and qualification at the

State ex inf. v. Beechner.

time of the issuing of the writ, but that defendant must show it even at the time of trial to entitle him to confirmation.

*A. S. Cumming* and *Wanamaker & Barlow* for respondents.

(1) The ancient common-law forms and rules of pleading apply in this State no more to proceedings upon informations in the nature of quo warranto than to other civil actions. State ex rel. v. Equitable Ass'n, 142 Mo. 342; State ex inf. v. Vallins, 140 Mo. 535; State ex rel. v. Steers, 44 Mo. 226. (2) The authorities, indicating the application of common-law principles to information in the nature of quo warranto, refer to the scope of the proceeding, and not to matters of pleading or practice. Townsley case, 56 Mo. 113; Meek case, 129 Mo. 436. (3) Information, answer and reply are subject to the rules governing corresponding pleadings in strictly civil causes. State ex rel. v. Kupferle, 44 Mo. 157; State ex rel. v. Steers, 44 Mo. 226; People v. Ryder, 12 N. Y. 433. (4) It is the universal practice to permit amendments in this class of cases. 17 Encyc. Plead. and Pr., 477 and 478; State v. Vail, 53 Mo. 105; Com. v. Gill, 3 Whart. (53 Pa.) 236; Com. v. Bank, 28 Pa. St. 386; Atty-Gen. v. Page, 38 Mich. 289; State v. Beecher, 15 Ohio 723; Atty-Gen. v. McQuade, 94 Mich. 445; State v. McDaniel, 22 Ohio St. 354. (5) Our statutes permitting amendments apply to proceedings upon information in the nature of quo warranto. R. S. 1899, secs. 657, 660, 661, 663 and 675. (6) The amendments referred to in the above sections include amendments after demurrer, as well as where no objection is made, or after verdict. Weber v. Hannibal, 83 Mo. 262; Lilly v. Tobbein, 103 Mo. 485, 490. (7) Even at common law the granting of leave to amend rested in the discretion of the cour⁴ Bliss on Code Plead.

(2 Ed.), sec. 428; Nash v. Craig, 134 Mo. 354. (8) Material allegations of pleadings not traversed, or confessed and avoided, are taken as admitted. Chitty on Plead. (16 Am. Ed.), star page 652; R. S. 1899, sec. 628; Marshall v. Thames Ins. Co., 43 Mo. 587-588; Moore v. Sauborin, 42 Mo. 495; State ex inf. v. Street Railway, 151 Mo. 169, 189.

MARSHALL, J.—This is a proceeding in the nature of a quo warranto, instituted by leave of court, in the circuit court of Harrison county, in the name of the State, upon information of the prosecuting attorney, upon the relation of the regularly elected, acting and qualified directors of school district number three, township 62, range 26, of Harrison county, against the defendants, who claim to be the regularly elected school directors of school district number five, of said township and range. District number five is composed of a part of what was formerly district number three. An attempt was made to divide district number three into two districts, to be called three and five respectively. Steps were taken looking to this end. The part here called number three voted against the proposition, by a vote of 22 to nothing. The part here called five voted for the separation by a vote of 66 to 19. An appeal was taken to the county school commissioner, and the division and creation of the new school district was ordered by that commissioner, and defendants claim to be duly elected school directors of the new district. The relators are the directors of the original school district. The purpose of this proceeding is to have the proceedings which brought about the division of the original district declared void, to oust the defendants from the office of school directors of the new district number five, and thereby to restore the original status of district number three.

The information specifically set out the steps taken to ac-
Vol 160 mo—6

complish the division and asked a judgment of ouster. The defendants made a return setting up specifically the various steps taken to divide the original district, and their election in proper form as directors of the new district number five. The plaintiffs demurred to this return, the court sustained the demurrer, gave leave to the defendants to file an amended return, which they did, denying the allegations of the writ or information, and pleading every act and fact that existed in reference to the proceedings to divide the district, and their election as directors of the alleged new district.

Thereupon the plaintiffs filed a motion to set aside the order allowing defendants to file an amended return, and for judgment of ouster, on the ground that only one return is permissible in proceedings of this character, and when the original return was adjudged insufficient on demurrer the plaintiffs were entitled to a judgment of ouster. The court overruled the motion. The plaintiffs elected to stand on their motion, judgment was entered for the defendants confirming them in their offices of directors of the new district number five, and after proper steps the plaintiffs appealed.

I.

The merits of this controversy are not open to review in the state of this record. The sole question before this court is the power of a circuit court to permit a return in a proceeding in the nature of a quo warranto, instituted by a prosecuting attorney at the relation of a third person, to be amended after the return has been adjudged insufficient on demurrer.

The case of State ex rel. McIlhany v. Stewart, 32 Mo. 379, was an application by a third person for leave to file in this court an information in the nature of a writ of quo warranto. The leave was denied. NAPTON, J., said: "The

jurisdiction of this court in writs of quo warranto and informa-
tion in the nature of quo warranto, is almost entirely a new
question in this court.    It is true that as early as 1834, this
court exercised jurisdiction in a case where an information was
filed against a person who was alleged to have usurped illegally
the office of mayor, of St. Louis (see State v. Merry, 3 Mo.
278); and at a subsequent period, in the case of the State v.
McBride (4 Mo. 302), the right of a circuit judge to his seat
on the bench was heard and determined in this court, on a
similar information.    But in the first case there was no exam-
ination of the question, so far as the report shows; and the
original papers, now on file, do not show what the character of
the information was—whether it was filed by the attorney for
the State on his own motion, or was an information in his
name at the relation of another.    In the case of Judge Mc-
Bride, there seems to have been no question made of the juris-
diction of the court.    So, at the last term of this court, we
decided a case which was submitted upon an agreed state of
facts.    And in the case of State v. Perpetual Insurance Com-
pany (8 Mo. 330), the subject was alluded to, but nothing
determined in relation to the questions now involved; nor was
it necessary that they should be settled.    A writ of quo war-
ranto was an original writ out of chancery, directing the
sheriff to summon the defendant to appear before the king,
or his justices itinerant, when they should come into the
county, and show by what warrant he claimed the franchise
mentioned in the writ.    This writ became obsolete in England
with the cessation of the circuits of justices in eyre, and infor-
mations were substituted in its stead.    There informations
were criminal in their form and origin, but have long since
been substantially and essentially civil proceedings.    There
are in England three distinct classes of informations in the
nature of a quo warranto:    First, those filed by the Attorney-

General, without leave of the court and without any relators;
second, those filed with the leave of the court, by the clerk of the
crown, by virtue of his common-law power; and third, infor-
mations by the clerk of the crown, on the relation of some one,
and by leave of the court, under the statute of 9 Anne, c. 20.
The information filed in this case falls within the last men-
tioned class.    The name of the Attorney-General is substituted
for that of the clerk of the crown office in England; but, in all
other respects, the proceeding is one identical in form and
purpose with that which is regulated, if not originated, by the
statute of Anne.    The statute of Anne has never been in force
here, nor has the statute of 4 and 5 W. & M. c. 18, which first
imposed some restrictions upon the power of the clerk of the
crown in filing these informations on the suggestion of private
persons, by prohibiting them from being filed without an
express order from the Court of King's Bench.    The statute
of Anne has, however, been in substance enacted in this State
as early as 1825, but the jurisdiction conferred and regulated
by it is exclusively confined to the circuit courts.    The statute
seems to be designed, like the New York statute, of which it is
essentially a copy, to cover the whole ground of informations
in the nature of a quo warranto, where leave of the court was
requisite.    It is more comprehensive than the statute of Anne,
which was confined to officers of municipal corporations, and
embraces all officers and franchises.    The Constitution has
conferred upon this court the power to issue writs of quo
warranto, and to hear and determine the same.    The Legisla-
ture can not deprive this court of any jurisdiction conferred
on it by the Constitution.    This court has already determined
that the power conferred by the Constitution extended as well
to informations in the nature of a quo warranto as to the
original writ, which was known as such in the common law.
But it has never been decided, nor do the reports show, that

there has ever been any occasion to decide, whether this court would exercise any jurisdiction over that class of informations which fall within our statute, and which even at common law required leave from the court, nor under what circumstances, if jurisdiction was entertained, leave would be granted. Where the Attorney-General files an information exofficio, it is not necessary for him to obtain leave of the court. But informations at the relation of private persons, whether under the statute of Anne or under our statute, or exhibited as at the common law, can be filed only by leave of the court. The information is not granted as of course, but depends upon the sound discretion of the court under the circumstances of the case."

This case was decided in 1862. At that time the Revised Statutes of 1855 (chap. 130, p. 1308, vol. 2), were in force. Section 1 of that chapter provided: "In case any person shall usurp, intrude into, or unlawfully hold or execute, any office or franchise, the Attorney-General, or circuit attorney of the proper circuit, with the leave of any circuit court, shall exhibit to such court an information in the nature of a quo warranto, at the relation of any person desiring to prosecute the same."

As was pointed out in the Stewart case, neither the statute of 9 Anne, nor that of 4 and 5 William and Mary, has ever been in force in this State. The proceedings in cases of informations in the nature of a quo warranto at the relation of a private person begun in the circuit court were then and have always been since controlled by the statutes relating to quo warranto.

The statutes of 1855 (R. S. 1855, vol. 2, ch. 128, sec. 22, p. 1257), made the provisions of the practice act as to amendments of any pleading adjudged insufficient on demurrer (sec. 9, ch. 128), applicable "to informations in the nature of a quo warranto." This provision has been retained in our law ever

since.   [G. S. 1865, p. 671, ch. 168, sec. 22; 1 R. S. 1879, ch. 59, art. 7, sec. 3585, p. 613; 1 R. S. 1889, ch. 33, art. 7, sec. 2116, p. 555; 1 R. S. 1899, ch. 8, art. 6, sec. 765, p. 267.]

There has, therefore, since 1855, been no difference in the right to amend a return adjudged insufficient on demurrer, in a proceeding of this character, in the circuit court, and the right to amend an answer in any kind of a civil suit, which has been adjudged insufficient on demurrer, by a circuit court.

The plaintiffs rely upon State ex informatione Crow, Attorney-General, v. Vallins, 140 Mo. 523, and argue that it was there held that no amendment in a quo warranto proceeding was allowable.

But the case at bar is very different from the Vallins case. This is a proceeding in the nature of a quo warranto at the relation of a private citizen, begun in the circuit court, whereas the Vallins case was a proceeding by quo warranto instituted by the Attorney-General, exofficio, in this court. This case could only be filed by leave of court, is controlled by the quo warranto statute, and the statute relating to amendments in civil cases in a circuit court. The Vallins case was filed by the Attorney-General exofficio in this court, without leave, as he had a right to do, was a proceeding by quo warranto, which this court had a right under the Constitution to issue, was controlled by the common-law practice in exofficio cases of quo warranto, was not affected by the statute in relation to amendments, for as was shown in the Stewart case that statute applies only to the circuit courts and not to this court, and therefore no amendment was permissible in that case.

The distinction between informations in the nature of a quo warranto at the relation of a private person, instituted in the circuit court, or in this court, by leave, and proceedings by quo warranto instituted by the Attorney-General exofficio in this court, must always be borne in mind. And when it is

remembered that the former are creatures of the statutes and the proceedings are regulated by the statutes, while the latter come to us from the common law and the proceedings are the same as at common law, the distinction between the two classes of cases and the proceedings therein will be readily recognized and understood by the bar and the bench, and the adjudicated cases will be read and understood in the light of the cases under consideration when any particular decision was rendered.

The right of the defendants to amend in this case was given to them by the statutes of this State, and leave of court to do so was not necessary. The trial court was right in overruling the plaintiff's motion to vacate the order allowing the amended return to be filed and for judgment of ouster. This is the only question open for review upon this record. The judgment of the cirucit court is affirmed.

All concur. *Robinson, J.,* in result.