STATE OF MISSOURI, at the Information of GEORGE D. BROWNFIELD, Prosecuting Attorney, at the Relation of HENRY KNORP and NICHOLAS H. BLANK, Respondent, v. CONSOLIDATED SCHOOL DISTRICT NUMBER FIVE (5), COOPER COUNTY, GILL W. JEWETT, JACOB T. SCHILB, WILLIAM T. POLLY, W. R. FREEMAN, HENRY E. SCHNUCK and CHARLES ERHARDT, Appellants.

Kansas City Court of Appeals, April 2, 1917.

SCHOOL DISTRICTS, CONSOLIDATED: Quo Warranto. The act of the Legislature of March 14, 1913, providing for the consolidation of School Districts and the establishment of high schools, does not make the maintenance of such high schools optional with such districts, but clearly provides that high schools must be established and conducted.

Appeal from Jackson Circuit Court.—*Hon. J. G. Slate,* Judge.

AFFIRMED.

*W. G. & G. T. Pendleton* for appellants.

*George D. Brownfield* for respondent.

BLAND, J.—This proceeding is for the purpose of determining whether a consolidated school district, organized under the Act of March 14, 1913, applying to city, town and consolidated schools, Laws of 1913, page 721, must maintain in such a district a high or consolidated school.

This as an action by *quo warranto* instituted in the circuit court of Cooper county upon information of the prosecuting attorney of said county at the relation of two (2) taxpayers of Consolidated School District No. Five against said district and the directors thereof asking for a judgment of forfeiture of the corporate franchise of said district and to oust the directors thereof from office, for that said directors have failed to maintain a high school, or consolidated district school, in said district. It appears that the consolidated school district was organized in 1914, and that the directors have maintained five primary schools; three for white and two for negro children, but they have at no time provided for a high school or a consolidated school of any character.

Section 1 of the Act of March 14, 1913, supra, provides for the organization of consolidated school districts and makes article 4, chapter 106, Revised Statutes 1909, applicable to districts organized under the provisions of the Act. It is contended by appellants that neither the Law of 1913 nor the article and chapter of the revised statutes referred to require the maintenance of a high school. The lower court found against appellants as to this claim, and we believe that said court was right in so doing, for the reason that it is apparent from a reading of said Act of March 14, 1913, that

the Legislature clearly intended that every consoli-
dated school district in this State should maintain a
high school.

Section 4, of said Act, which covers the matter of
transportation of pupils to and from school, provides
"that if transportation is not provided for, any con-
solidated district may by majority vote at any annual
or special meeting decide to have all the 7th grade and
the 8th grade work done at the *central high school
building.*" Section 7 of the Act provided for State
aid for *the* high school to be maintained by the con-
solidated school district. While this section provides
"whenever a district organized under the provisions of
this Act has secured a site of not less than five acres
for the central high school building of said district and
has erected thereon a school building, suitable for a
central school," etc., the State will contribute one-
fourth of the cost of the building and equipment.

It is argued by appellants that from a reading of
section 7 of the Act that the language quoted shows
that a consolidated school district may or may not have
a central high school. At first glance the language
might be susceptible of such a construction, but from
a study of such language it is plain that the Legislature
-intended there should be such a high school but it
recognized the fact that it might take sometime to make
all the provisions for its erection, and, in addition, a
period of time for the actual building of the same and
getting it in shape for school purposes, so the Legis-
lature provided protection for the State so that it
should not pay out any money until the high school be
completed, recognizing, as has happened in the district
involved in this case, that the law is not always fol-
lowed.

Section 8 of the Act provides "when a consolidated
district has been organized as herein provided and has
provided adequate building for school purposes, the
State shall grant special aid of twenty-five ($25)
dollars per year for each square mile, or fraction
thereof, in the area of said district; *provided,* the

510    195 MISSOURI APPEAL REPORTS.

State ex rel. v. School Dist. No. 5.

district maintains an approved high school of at least the third class and gives an approved course of at least one year in agriculture.'' Appellants make the claim that this language of the Act shows that the Legislature contemplated that a high school might or might not be maintained by a consolidated school district. It appears that the Legislature has at no time provided that high schools should be divided into classes, so we are at a loss to know what is meant by a reference to a high school of the third class, but from the remainder of the language in the proviso, to-wit, that part that provides that at least one year in agriculture shall be taught, it is seen that the Act distinguishes between high schools that may be conducted in said consolidated districts, contemplating that some may have an approved course of one year in agriculture and some may not have such a course. We do not construe said language in section 8 so as to hold that it contemplates that a consolidated district may or may not provide for a high school; on the contrary, this section, together with the other sections of the Act, to our minds clearly provide for such a school.

But appellants say that by reason of the fact that section 1 of said Act of March 14, 1913, supra, provides that article 4, chapter 106, Revised Statutes 1909, shall be applicable to districts organized under the provisions of said Act, that section 10869, Revised Statutes 1909, must be read into the Act of March 14, 1913; appellants say that said section 10869 provides that such a district as the one in controversy in this case, is required to have primary schools, but that ''the board *may* also establish schools of higher grade,'' and that from a reading of section 10869 it is apparent that a consolidated school district must have one or more primary ward or district schools, but that it is not obligatory upon such a district to have a school of higher grade. If we should put the construction contended for by appellants upon section 10869, we would be compelled to hold that said section cannot be har-

monized with the latter Act of March 14, 1913, and therefore, inapplicable.

As the pleadings do not raise any issue as to what length of term such a high school must be annually taught, we cannot pass upon that question.

The evidence shows that an election, having for its purpose the establishment of a consolidated high school in the district, was held but that the voters refused to vote the taxes necessary for its establishment. It is our opinion that a high school such as is contemplated in said Act of March 14, 1913, must have been established and conducted in said consolidated school district, and the district having failed to establish the same, the holding of the learned trial judge was right and the judgment is, therefore, affirmed.

All concur.