## THE STATE ex rel. JAMES F. PICKETT, Appellant, v. WILLIAM J. CAIRNS.

### In Banc, October 8, 1924.

1. **QUO WARRANTO: Right to Maintain.** The relator in *quo warranto* must have an interest in the subject of the prosecution peculiar to himself as distinguished from that of the general public, and leave of court must be obtained for the filing of the information or the institution of the suit.

2. ————: ————: **Practice: Leave of Court: Application for Writ: Dismissal.** The practice in some jurisdictions, in cases in which the court has discretion to permit the filing of an information in the nature of a *quo warranto*, to make application, supported by affidavits, for such leave, and for a rule *nisi* to the respondent to show cause why it should not be granted, does not obtain in this State. But in this State, whether the relator is a proper person and will be allowed to file such a proceeding is a preliminary inquiry, for the court, and on that inquiry, whether made before or after the information is filed, the court will ascertain what interest relator has in the proceeding. But leave of court to file the information is essential to the maintenance of the action; and even when such leave is given, if it appear on the hearing that it was improvidently granted, the proceeding will be dismissed.

3. ————: ————: **By Private Citizen: Leave of Court: Discretion.** Leave to file an information in *quo warranto* at the instance of a private citizen will not be granted as a matter of right, even though respondent's title to the office in question may be defective; but in

such case the court exercises a sound discretion in acccordance with the principles of law and the peculiar circumstances of the case. In exercising its discretion the court may consider the probable results of allowing the proceeding when public interests are involved; may refuse the leave when a successful prosecution would result in public injury and there is no private right in relator to enforce; and may look to the relations which the parties sustain to the matter in controversy—to the motives of relator and the like—in determining the necessity and policy of allowing the proceeding.

4. ———: ———: **By Private Citizen and Taxpayer: To Oust an Officer: Public Interest.** The case was instituted by the filing of an information in the nature of a *quo warranto* by the prosecuting attorney at the relation of a resident taxpayer, for the purpose of ousting respondent from the office of justice of the peace, on the ground that, although he had been appointed and commissioned by the county court, he did not live in the immediate neighborhood of the twelve petitioners who presented the petition for his appointment and at least five miles from any other justice of the peace of the township. If respondent were ousted the office would continue and be occupied by another incumbent; he receives no salary, and only in the event that costs in criminal cases inaugurated or tried in his court are taxed against the State or county can the public funds be affected by his exercise of the functions of the office, and hence a taxpayer's interest is not only indirect, but remote and contingent. *Held*, that the case is to be distinguished from those brought at the relation of taxpayers to oust school directors or officers of cities or special road districts wherein the legal existence of the taxing agency itself is the thing struck at, and the proceeding is not maintainable at the relation of a private taxpayer, since his interest in it is not special or peculiar to him, but one held in common with the public generally, and the public interest should be represented by the Attorney-General or the prosecuting attorney.

Headnotes 1 to 4: **Quo Warranto:** 1, 32 Cyc. 1421, 1433; 2, 32 Cyc. 1434, 1435; 3, 32 Cyc. 1434; 4, 32 Cyc. 1442.

## *Quo Warranto;*

Appeal from Jackson Circuit Court.—*Hon. Nelson E. Johnson,* Judge.

Affirmed.

*Clarence A. Burney,* Prosecuting Attorney, and *Mc-Vey & Freet, Davis & Woodruff* and *W. E. Crampton* for appellant.

(1)   The relator, being a resident taxpayer of the particular district in question, is a proper and qualified relator.   Sec. 2066, R. S. 1919; State ex rel. v. Vail, 53 Mo. 97; State ex inf. Berkley v. McClain, 187 Mo. 409; State ex rel. White v. Small, 131 Mo. App. 470; State ex inf. Burges ex rel. Marbut v. Potter, 191 S. W. 57; State ex inf. Brownfield ex rel. Knorp v. School Dist., 195 Mo. App. 507; State ex inf. McGinnis ex rel. Kemble v. School Dist., 277 Mo. 28.   (2)   The respondent should be ousted from the office of justice of the peace for the reason that he was not a bona-fide resident of the territory of which he was appointed to serve at the time of his appointment, nor did he become a bona-fide resident thereafter.   State ex rel. v. Smith, 64 Mo. App. 319; State v. Scott, 171 Ind. 349; Stephens v. Larwill, 110 Mo. App. 156; Mullery v. McCann, 95 Mo. 579.   (3)   Respondent at the time of his appointment was holding two inconsistent offices.

*John T. Barker* for respondent.

(1)   Relator Pickett cannot maintain this suit in *quo warranto* as he has no special interest in same.   State v. Berkeley, 140 Mo. 186; State ex inf. v. Heffernan, 243 Mo. 450; State ex rel. v. Staten, 268 Mo. 296; State ex rel. v. Boal, 46 Mo. 535; State ex rel. v. Lawrence, 38 Mo. 539; State ex inf. v. Beechner, 160 Mo. 86; State ex inf. v. Mc-Clain, 187 Mo. 412; Newman v. Frizzell, 238 U. S. 537; 32 Cyc. 1443.   (2)   Informations by the Attorney-General or prosecuting attorney, *ex-officio,* may be filed without leave as a matter of course, but informations in *quo warranto* by either officer, at the relation of an individual, can only be filed by leave of court.   No leave of court was granted, and the suit cannot be maintained.   State ex inf. v. Beecher, 160 Mo. 86; State v. Rose, 84 Mo. 202;

State v. Lawrence, 38 Mo. 538; State ex rel. v. Job, 205 Mo. 26; 32 Cyc. 1433. (3) The order and finding of the county court is conclusive as to all questions of residence and qualifications of the respondent, and cannot be inquired into in this proceeding. Naeglin v. Edwards, 228 S. W. 764; State ex rel. v. Powles, 136 Mo. 380; State ex rel. v. Simmons, 35 Mo. App. 380; State ex rel. v. Fleming, 147 Mo. 10.

RAGLAND, J.—Upon re-assignment this case has fallen to the lot of the writer. It was instituted in the Circuit Court of Jackson County, Missouri, by the filing therein of an information in the nature of a *quo warranto* by the prosecuting attorney of said county at the relation of one James F. Pickett, who was therein described as "a resident and taxpayer of said county and State, residing at No. 7442 Jefferson Street in Kansas City, Missouri, in Kaw Township." It charged that respondent had intruded himself into the office of justice of the peace in and for Kaw Township, and was, and had been, exercising the duties and powers of that office without any legal warrant, grant or right whatsoever, and prayed that he be required to show by what authority he claimed to exercise such powers. The information was signed by the prosecuting attorney and by relator's counsel and was verified by the affidavit of relator. The record does not show that leave to file the information was expressly given. But on the same day that it was filed the court issued an order requiring respondent "to show how and by what authority he claims to have, use and enjoy the rights, liberties, privileges and franchises of justice of the peace of Kaw Township, in Jackson County, Missouri." This order preliminarily recited that the prosecuting attorney at the relation of James F. Pickett, etc., "presents to the court a petition in the nature of an information in *quo warranto,* wherein and whereby the court is informed and given to understand, etc, . . . and the court having seen and examined said petition, and having heard

State ex rel. Pickett v. Cairns.

and considered the statements of counsel respecting the matters and things therein set forth and being satisfied that inquiry should be made of the matters therein contained."

On the return day of the order the respondent filed his answer in which, after "protesting that the information aforesaid is not sufficient in law and does not state a cause of action," he set forth by proper averment that he had been appointed and commissioned by the County Court of Jackson County in accordance with the provisions of Section 2689, Revised Statutes 1919, and that as to citizenship and residence, as well as in all other respects, he possessed the qualifications prescribed by law for persons holding and occupying such office. Section 2689 referred to in the return, so far as pertinent, is as follows:

"Whenever a petition shall be presented to the county court of any county in this State, signed by twelve or more qualified voters of any township in said county, setting forth that they live more than five miles from the nearest justice of the peace in their township, the county court shall have the power to appoint an additional justice of the peace for such township, and the justice so appointed shall live in the immediate neighborhood of the petitioners, and at least five miles from any other justice of the peace of such township."

To respondent's pleading the relator filed a reply in which he alleged: First, that respondent at the time of his alleged appointment did not "live in the immediate neighborhood of the petitioners, and at least five miles from any other justice of the peace of such township;" second, that at such time respondent held another county office, that of County Purchasing Agent of Jackson County; and, third, that there was not at the time a vacancy in the office to which respondent claimed he was appointed.

When the case was called for trial the respondent moved for judgment on the ground that the petition on

305 Mo.—22.

its face disclosed that relator had no special interest in the subject of the prosecution. The court expressed a wish "to hear the entire suit" and took the motion with the case. After hearing the evidence offered by the parties in support of the allegations of their respective pleadings the court dismissed the proceeding at the cost of the relator. Contemporaneously with the order the court filed a written opinion which concluded as follows:

"The interest of relator is not an interest in the office of the justice of the peace in question 'peculiar to him' but simply that of any other taxpayer and citizen. His interest is not a private interest, but a public interest. He has no special interest and is therefore not entitled to maintain this action. It follows therefore that this cause must be dismissed at the cost of the relator, and it is so ordered."

Relator prosecutes this appeal.

It is clear that the circuit court did not pass upon either the respondent's title or his eligibility with respect to the office in question. The dismissing of the proceeding for the reason assigned was tantamount to the quashing of the writ on the ground that it was improvidently issued. The propriety of the court's action in so doing is the matter presented by the record for consideration.

The information in this case was filed by the prosecuting attorney at the relation of a private individual and not *ex officio*. The proceeding is therefore controlled by statute. Our *quo warranto* statute was first enacted in 1825; it was in most respects a literal copy of the Statute of Anne (9 Anne, c. 20) and adopted the English construction and practice. [State ex rel. v. Vail, 53 Mo. 97, 109.] It was slightly modified by the Legislature in 1871 (Laws 1871, Adjourned Session, p. 66), but the original construction placed upon it has been adherred to notwithstanding, as will abundantly appear from cases presently to be cited. The two elements of that construction which exert a controlling influence in this case are that the relator in such case must have an interest in the subject of

the prosecution peculiar to him as distinguished from that of the general public (State ex rel. v. Lawrence, 38 Mo. 536, 539; State ex rel. v. Boal, 46 Mo. 528, 531; State ex rel. v. Vail, supra; State v. Berkeley, 140 Mo. 184; State ex inf. v. McLain, 187 Mo. 409, 412; State ex inf. v. Heffernan, 243 Mo. 442, 450), and leave of court must be obtained for the filing of the information or the institution of the suit (State v. Ins. Co., 8 Mo. 330; State v. Stone, 25 Mo. 555; State ex rel. v. Stewart, 32 Mo. 379; State ex rel. v. Buskirk, 43 Mo. 112; State ex rel. v. Rose, 84 Mo. 198; State ex inf. v. Railroad, 176 Mo. 687; State ex inf. v. Beechner, 160 Mo. 78, 85; State ex rel. v. Jobe, 205 Mo. 266; State v. Heffernan, supra).

It is the practice in some jurisdictions, in cases in which the court has discretion to permit the filing of an information in the nature of a *quo warranto,* to make application supported by affidavits for such leave and for a rule *nisi* to the respondent to show cause why it should not be granted. [17 Ency. Pl. & Pr. 450.] Such practice does not seem to have ever obtained in this State. In State v. Vail, supra, it was said: "Whether the relator is a proper person and will be allowed to file such a proceeding is a preliminary inquiry, for the court, and on that inquiry, whether made before or after the information is filed, the court will ascertain what interest the relator has in the information." But leave of court to file the information is essential to the maintenance of the action. [State v. Lawrence, and other cases cited, supra.] And even when such leave has been given, if it appear on the hearing that it was improvidently granted, the proceeding will be dismissed. [State ex rel. v. Claggett, 73 Mo. 388; State v. Hoff, 88 Texas, 297; Gilroy v. Commonwealth, 105 Pa. St. 484.]

It is also well settled that leave to file the information at the instance of a private relator will not be granted as a matter of right even though the title in question may be defective. The court should exercise a sound discretion in accordance with the principles of law and the

circumstances in each particular case. In doing so the
court may consider the probable results of allowing the
proceeding when public interests are involved, and may
in its discretion refuse the leave when a successful prose-
cution would result in public injury and there is no pri-
vate right in relator to be enforced. And the court may
look to the relations which the parties sustain to the
matter in controversy, to the motives of the relator, and
the like, in determining the necessity and policy of allow-
ing the proceeding. [State ex inf. v. Beechner, supra,
l. c. 85; State ex rel. v. Tolan, 33 N. J. L. 195.]

In the case at bar the proceeding was dismissed on
the ground that relator had no special interest in the
subject of the prosecution. The interest which he alleged,
and established by his proof, was that of "a resident and
taxpayer of said county and State." The question simply
put then is whether a public officer may be required to
exhibit the muniments of his title at the instance of any
taxpayer. It has never been so held in this State. There
have been many cases, some of which are cited by appel-
lant, in which proceedings brought at the relation of tax-
payers to oust school directors or the officers of towns
and special road districts have been sustained. But in
every instance the validity of the organization of the
district or municipality of which the respondents claimed
to be officers was the real subject of controversy. In
other words, the legal existence of the taxing agency it-
self was the thing struck at. [State ex inf. v. McLain,
supra; State v. Potter, 191 S. W. 57; State ex rel. v.
Small, 131 Mo. App. 470; State ex rel. v. Consolidated
School Dist., 195 Mo. App. 507.] That is not this case.
The office would continue and be occupied by another in-
cumbent if respondent were ousted. A taxpayer's inter-
est in it is not only indirect, but remote and contingent.
The incumbent receives no salary, and only in the event
of costs in criminal cases, inaugurated or tried in his
court, being taxed against the State or County, can the
public funds be affected by his exercise of the functions

of the office. But whatever the extent of appellant's interest as a taxpayer, it is not special or peculiar to him, but one held in common with the public generally. Such interest being a public one should be represented by the Attorney-General or the prosecuting attorney of the county and not by a private citizen. In Newman v. Frizzell, 238 U. S. 537, 547, it was said:

"In a sense—in a very important sense—every citizen and every taxpayer is interested in the enforcement of law, in the administration of law, and in having only qualified officers execute the law. But that general interest is not a private but a public interest. . . . That general public interest is not sufficient to authorize a private citizen to institute such proceedings; for if it was, then every citizen and every taxpayer would have the same interest and the same right to institute such proceedings and a public officer might, from the beginning to the end of his term, be harassed with proceedings to try his title."

In State v. Heffernan, supra, 1. c. 450, a similar thought finds expression as follows:

"From the time of the filing and exhibition of the information, it is a fight between the relator and the defendant, of which the State and its officers are disinterested spectators. A person in good moral and intellectual health instinctively feels that it would not be right, or good public policy, to place every person who, under the belief that he has been fairly elected or appointed to a public office, is performing its duties to the satisfaction of all directly concerned, at the mercy of an interloper who might choose, from motives of amusement or malice to subject him to the trouble and expense of exhibiting all the minutiæ of his title. We accordingly find that this court has constantly held that the enactment we have quoted means that those only can be relators in such proceedings who have some special interest in the subject of the prosecution."

We are of the opinion that the circuit court's holding was in accord with both precedent and sound public policy. In dismissing the proceeding, therefore, it did not abuse the discretion with which it is invested.

Its judgment is accordingly affirmed. *Walker, White, James T. Blair* and *David E. Blair, JJ.,* concur; *Graves, C. J.,* dissents.